JENNIE LEE REES et al., Ex Parte.

(Filed 13 October, 1920.)

1. **Estates — Contingent Interests — Sales — Statutes —. Private Sales — Courts.**

   Lands affected with a contingent interest may be sold under the provisions of Rev., 1590, when it is made to appear that the income from it is a little more than sufficient to pay taxes and keep the premises in repair; that it is not well located, and not likely to rise in value; and a judgment of the Superior Court that they be privately sold to a designated person, at a price ascertained to be a fair and reasonable one, will be sustained on appeal.

2. **Estates—Contingent Interests—Sales—Statutes—Proceeds, How Held —Life Tenant—Payment.**

   When lands affected with contingent interests are sold for reinvestment under the provisions of Rev., 1590, the life tenant is only entitled to receive the net income from the proceeds of the sale pending reinvestment in lands, or from the lands thereafter reinvested in, during her life; and there is no authority of law to arrive at the value of the life estate and pay the *corpus* of it to the life tenant, in money.

3. **Estates—Contingent Interests—Sales—Proceeds—Reinvestment—Statutes—Liberty Bonds.**

   The proceeds of the sale of lands affected with contingent interests under Rev., 1590, should be paid into the clerk's office, to be loaned on real estate security on approval of the judge, or, under ch. 17, Laws 1919, temporarily invested in Liberty Bonds, until such time as it can be reinvested in the purchase of other real estate, to be held upon the same contingencies and in like manner as was the property ordered to be sold.

Appeal by all parties from *Kerr, J.*, at September Term, 1920, of Wake.

Controversy without action under Rev., 1590, for sale of contingent remainder. The object of the controversy is to sell the house and lot in Raleigh devised to Mrs. Jennie Lee Rees, with remainder over, and reinvest the ·proceeds to meet the contingencies stated in the said will. From the judgment all the parties appealed.

---

---

*Robert W. Winston for Jennie Lee Rees and husband.*
*J. C. Little for next friend.*

CLARK, C. J.   Jennie L. Lee devised the property in question to her daughter Jennie (now Mrs. Rees), with limitation that if she should "die leaving issue surviving her, then to such issue and their heirs forever," but if she "shall die without issue surviving her, then the property to return to my eldest daughter." In *Rees v. Williams,* 164 N. C., 128, the Court construing this devise, held that the vesting of the estate in remainder depended upon the contingency of the death of the devisee without leaving issue surviving her, and hence during her lifetime she could not convey an indefeasible title, for should she die, leaving issue, the title would vest in them.   This case was before us on rehearing (*Rees v. Williams,* 165 N. C., 201), and was reaffirmed.   It has been cited and approved in the cases cited to *Rees v. Williams,* 165 N. C., 201, in Anno. Ed., and more recently in *Jenkins v. Lambeth,* 172 N. C., 470; *Whitfield v. Douglass,* 175 N. C., 48, and cases there cited; *Kirkman v. Smith, ib.,* 582; *Patterson v. McCormick,* 177 N. C., 455, and at last term in *Thompson v. Humphrey,* 179 N. C., 51, 53; *Love v. Love, ib.,* 117, and *Jarman v. Day, ib.,* 319.   Mrs. Rees has since obtained from her sister, Mrs. Schlesinger and husband, and from her brother, Harry Rees and wife, conveyances of their interests.

Harry Lee, the brother of Mrs. Rees, and his two infant children; also the two infant children of Mrs. Schlesinger, and the infant child of Mrs. Rees, are made parties, the infants appearing by next friend, duly appointed.   Thus all the classes who could participate as heirs at law of Mrs. Rees are represented.   She resides in Annapolis, Md., and her only brother, Harry Lee, in Raleigh, N. C.   The petition concurred in by all parties represents that W. H. Pitman has offered $8,500 for the property; that the house is dilapidated; that the necessary repairs, taxes, and insurance nearly absorb the entire rental; that the property is located in an undesirable locality, where it is not likely to advance in value; that $8,500 is a fair and full price, and that the best interests of all parties, including the infants, demand a sale of the property and the acceptance of the offer of W. H. Pitman.   The Court found all the above allegations to be true, and approved the sale to W. H. Pitman at the price named, who has declined to pay his bid upon the ground that the commissioner cannot make a good and indefeasible title.   The Court held that the commissioner could convey a good and indefeasible title to the property, and adjudged that the purchaser pay the sum bid by him.

This Court approves the order of the court below directing the sale and the acceptance of the bid of W. H. Pitman and the execution of the

13—180

deed to him upon the payment of the purchase-money, which he is adjudged to make, and approves the judgment that the commissioner's deed will convey an indefeasible title, and the judgment directing the proceeds less $25 allowed the next friend for his services as such, and for executing the deed to Pitman as commissioner, to wit: the sum of $8,475 shall be paid into the office of the clerk of the Superior Court, subject to the further orders of the court.

The decree, however, further finds that "the present worth of the life estate of the said Mrs. Rees is $7,300," and directs this sum to be "paid over to her as her share of said fund, the remainder being $1,175, to be paid to the clerk of the court, to be held by him to await the death of said Jennie Rees, and then be distributed as her will shall direct, including accumulated interest." This latter part of the decree adjudging the value of Mrs. Rees's interest, and directing it to be paid over to her, we cannot approve. We find no authority for it in Rev., 1590, which, on the contrary, provides that in sales under this section the proceeds "shall be reinvested in purchasing or improving real estate, to be held upon the same contingency and in like manner as was the property ordered to be sold"; and authorizes the loaning of such money, subject to the approval of the court, until such time that it can be reinvested in real estate. Nor, even if the statute permitted, the valuation and payment to Mrs. Rees of her expectancy would we be disposed to validate the calculation in this case, whereby she was allowed $7,300 in cash, and the parties in remainder only $1,175, subject to all risks of investment. She is stated to be 30 years of age. Upon this basis of calculation, had she been much younger, her expectancy would have more than absorbed the entire fund, leaving the remaindermen nothing, instead of the *corpus* of the entire fund, at its enhanced value if reinvested in real estate on same contingencies and in like manner as the statute directs. Mrs. Rees is not entitled to the valuation of her expectancy, and payment thereof to her. This is not authorized by the terms of the will, nor by any statute. She is entitled only to the net interest, or rents after payment of the incidental expenses of the administration of the fund. The amendment to Rev., 1590, by Laws 1919, ch. 17, authorizes a temporary investment of such fund in "Liberty Bonds," and the statute thus amended is now C. S., 1744. The $8,475 should be paid into the clerk's office to be loaned on real estate security, on approval of the judge, or invested in "Liberty Bonds" until such time as it can be reinvested in the purchase of new real estate, to be held upon the same contingencies and in like manner as was the property ordered to be sold; and the annual interest, or rents, shall be paid over to Mrs. Rees, less the necessary costs of administering the property, and at her death the *corpus* shall be conveyed to the parties entitled.

Modified and affirmed.