INDUSTRIAL TRUST COMPANY, *Tr. vs.* ELIZABETH WILSON
*et al.*

JUNE 29, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This bill in equity for instructions is brought by the executor and trustee under the will of Colonel Samuel Pomeroy Colt, late of Bristol, Rhode Island. The only other parties to the bill, who are all joined as respondents, are the children of Roswell C. Colt, one of whom is a posthumous child, and the administratrix of Roswell's estate, who also appears as guardian *ad litem* for the minor children born after the death of Colonel Colt. Upon this record the case was certified to this court for determination under general laws 1923, chapter 339, sec. 35.

Colonel Colt executed his present will on December 28, 1917, and died August 13, 1921. Two sons, Russell G. and Roswell C. Colt, and a brother, LeBaron B. Colt, survived him, all of whom, with their children and the children of such children, were at that time, or are now or may be in the future parties in interest in the trust created by clauses twenty-seven and twenty-eight of the will.

Following certain provisions not now material, the pertinent language in clause twenty-eight, which gives rise to questions 1, 2 and 3 in the instant case, is as follows: "The remaining three parts or shares of said residuary estate shall be held by my Trustee upon the trusts hereinafter expressed. My Trustee shall pay over semi-annually or oftener in its discretion the net income arising therefrom in equal shares to my two sons, Russell Griswold Colt and Roswell Christopher Colt and my brother LeBaron Bradford Colt, for and during the terms of their natural lives;

and upon the decease of any of them should such deceased son or brother survive me, otherwise from and after my decease, my Trustee shall pay to the surviving child or children of such deceased son or brother for and during the term of his, her or their natural life or lives the share of said net income to which such deceased son or brother would be entitled if living." The rest of clause twenty-eight deals with certain contingencies and the termination of the trust.

It appears from one of the briefs filed in the instant case that when Colonel Colt died the son Russell had three living children, and the son Roswell had one living child, the respondent, Elizabeth (Colt) Wilson. Roswell's wife, who was living at the testator's death, subsequently deceased. In 1927, Roswell married Melba C. Colt, who is a party respondent in this case as administratrix of Roswell's estate and also as guardian *ad litem* for the three minor children of Roswell, born of this marriage, who are also parties respondent in this case. Roswell Colt died May 1, 1935. The brother of the testator, LeBaron B. Colt, who has since died, had four living children, three of whom had living children of their own, at the time of Colonel Colt's death.

We have no means of knowing whether this statement of the children and the children's children of the sons, Russell G. and Roswell C. Colt, and of the brother, LeBaron B. Colt, is either complete or correct. Undoubtedly, the executor and trustee of Colonel Colt's will is already fully informed as to these particulars, or, at least, is in a position to readily secure whatever further information it may require respecting these matters.

In the instant case only the living children of Roswell C. Colt and the administratrix of his estate have been made parties to the bill. All other persons in being and the contingent interests of all persons not in being and not ascertainable, who have or may have rights under clause twenty-eight of the will dependent upon our construction

of the language submitted to us in this case, are not parties to these proceedings. This situation will be considered by us later in this opinion.

The questions submitted by the parties now in this case and which have been certified to this court are as follows: "(1) Whether the defendants, Caldwell Colt and Byron Colt, are members of the class of the surviving child or children of said Roswell C. Colt entitled under the Twenty-eighth Clause of the will of said Samuel P. Colt after the decease of said Roswell C. Colt to the share of net income to which he would be entitled if living; (2) If the preceding question is answered in the affirmative, whether the defendant, Melba Colt, is a member of said class; (3) If the two preceding questions are answered in the affirmative, whether the defendant Melba Colt's right to participate in such share of income commenced at the date of the decease of said Roswell C. Colt or at the date of her birth; (4) Whether the portion of the taxes on ratable property assessed on the 15th day of June, 1935, by the Town of Bristol and the City of Providence against the complainants, which is chargeable to the share of income payable under the twenty-eighth Clause of said will to said Roswell C. Colt during his lifetime and after his decease to his surviving child or children, should be charged in its entirety to the income accruing after the decease of said Roswell C. Colt or apportioned between the income accruing prior to his decease and the income accruing after his decease; and if such taxes are to be apportioned, on what basis should they be apportioned?"

For the reasons that will presently appear, we will first consider the fourth question which immediately precedes and therefore requires no restatement at this point. The cities and towns of this state are authorized by general laws 1923, chapter 60, section 1 to assess taxes "as of the fifteenth day of June in each year at twelve o'clock noon, said date being known as the date for assessment of town taxes: *Provided, however,* that in any year in which said fifteenth

day of June shall fall upon Sunday said valuation shall be made as of the sixteenth day of June at 12 o'clock noon." The notice to be published by the assessors prescribed by sec. 6 of the same statute contains the following language: "All ratable real and personal estate will be taxed to the persons, co-partnerships or bodies corporate who own or hold the same (or who owned or held the same) at twelve o'clock noon, on said . . . day of June, A. D. 19 . . . ."

This statute does not define the period that a tax so assessed is intended to cover, nor does it fix a definite fiscal year, for the cities or towns. In the city of Providence, by ordinance, the fiscal year commences on October 1st. Ordinances of the City of Providence 1914, chap. 20, section 1. There is no regulation or ordinance prescribing the fiscal year in the town of Bristol, where, by custom, it commences on February 1st.

Roswell C. Colt died May 1, 1935. Taxes on the property in the trust estate now in question were assessed to the complainant trustee as of June 15, 1935. The question for us to answer, as we understand it, is whether the surviving child or children of Roswell C. Colt, as remaindermen entitled to the income on June 15, 1935, should bear the entire burden of the one-third share of the tax assessed as of June 15, 1935, which was apportionable to the one share of the trust of which Roswell C. Colt was entitled to the income up to the time of his death, or whether it should be apportioned betwen the estate of Roswell C. Colt and his surviving child or children, and if so, in what manner.

The facts in the case at bar relating to the question of apportionment present the unusual feature that Roswell C. Colt, the life tenant, died *before* the day as of which the tax in question was assessed. In the reported cases on this point that have come to our notice, to which we will soon refer, the death of the life tenant occurred *subsequently* to the date for the assessment of the tax. Roswell C. Colt had no beneficial interest in any property held by the complainant under clause twenty-eight of the will on June 15,

1935, the day as of which the tax was assessed. The trustee is apparently raising the issue of apportionment in the instant case because it is in doubt as to the yearly period, if any, that the tax assessed under the statute is intended to cover. This doubt is probably further increased by the difference in the fiscal years for the city of Providence and the town of Bristol in reference to the tax that is assessed as of June 15 of each year.

The authorities upon this question of apportionment are not in agreement. See 17 A. L. R. 1384, 1397; 94 A. L. R. 311, 320; 4 Bogert on Trusts and Trustees, (1935) §804 One line of cases holds that there should be an apportionment between the legal or equitable life tenant and remainderman. *In re Schulz's Estate,* 133 Misc. 168, 231 N. Y. Supp. 677; *Fest's Estate,* 28 Weekly Notes Cases (Pa.) 415. It is to be observed that these cases, especially the *Schulz* case, strongly indicate that the court treated the tax as being definitely assessed for the calendar year—being the municipal fiscal year in the *Schulz* case—in which the assessment was made. The same fact is assumed in 1 Restatement of the Law of Trusts, §237, illustration 3. The facts that confront us in the instant case do not warrant such assumption.

The respondents who contend for apportionment refer us to the case of *Rhode Island Hospital Trust Co.* v. *Harris,* 20 R. I. 408, and say in their brief that the court in that case "seemed to take it more or less for granted that in such a situation taxes should be apportioned, and the court does not suggest that any other view is even worthy of consideration." We fail to find in that opinion any warrant for such comment. The question of the apportionment of taxes was not in issue in that case, or in the previous opinion in that same case reported in *Rhode Island Hospital Trust Co.* v. *Harris,* 20 R. I. 160, to which the former opinion refers. Moreover, in that case the death of the owner of the real estate which was subject to the trust occurred *after* the date as of which the tax was assessed and

not before such date, as in the case at bar. A careful examination of these opinions and the papers in the case will show that the court, in dealing with the real questions in issue, apportioned certain taxes without discussion, probably under an agreement between the parties. In any event, the case cited is not an authority in favor of placing upon the estate of a deceased life beneficiary any part of the burden of a tax assessed as of a date *after* his death.

Furthermore, it may be well to note here that, when the *Harris* case was decided in 1898, the statute under which a tax was assessed by the cities or towns in this state was quite different from the statute that was in force when Colonel Colt died in 1921. In 1898, the statute allowed the cities or towns to "order the time when such tax shall be assessed." G. L. 1896, chap. 46, sec. 1. The general assembly first required that taxes should be assessed by a municipality "as of the fifteenth day of June in each year" in public laws 1919, chap. 1735.

The courts that have dealt with statutes similar to the one before us hold that there should be no apportionment of the tax where a statute has fixed an arbitrary date *as of which* taxes are to be assessed each year but not a year *for which* they are assessed. The liability for the tax in such a case rests solely on him who owns the property at the precise time as of which the assessment is made. In *Holmes* v. *Taber*, 9 Allen 246, the court, at page 247, says: "The period of time fixed in reference to ownership as to taxation is the 1st of May in each year. The liability of an individual to be taxed for any specific property is decided by the relation he bears to it at that precise day; and whether he may have become the owner on the day previous, or ceased to be such owner the day succeeding, is wholly immaterial." *Lantz's Estate* v. *McDaniel*, 99 Ind. App. 233; *Brodie* v. *Parsons*, 23 Ky. Law Rep. 831; *Cummins* v. *Cummins*, 21 Hawaii 742. Our statute not only sets the day, but also fixes twelve o'clock noon as the time on that day, as of which the assessment shall be made.

It is not necessary for us to decide at this time which one of these two lines of authorities this court will accept and follow in a litigated case where the question of the assessment of taxes by a municipality is directly in issue. In the circumstances in the instant case, we believe that the latter of the views above indicated is more conducive to an orderly administration of the trust under consideration. Our answer to the fourth question therefore is that there should be no apportionment of the taxes and that the taxes about which the trustee inquires shall be charged in their entirety to the share of the income accruing after the death of Roswell C. Colt on May 1, 1935.

The complainant trustee in question 1 limits that question to a determination of who are the "surviving child or children" of Roswell C. Colt to whom the testator intended that the income of the trust created in clauses twenty-seven and twenty-eight of the will should be paid upon the death of his son, Roswell C. Colt. If the parties now before the court were the only persons to be affected by our decision in the instant case, we would readily answer the question. But the twenty-eighth clause of the will, where the questioned phrase appears, deals not only with the income of the trust created by clauses twenty-seven and twenty-eight, but also disposes of the principal of that trust at its termination as therein provided. After serious reflection we have come to the conclusion that we will not answer question 1 and its subsidiary questions 2 and 3 until all the parties mentioned by us earlier in this opinion are given an opportunity to be represented and heard in these proceedings. It is reasonably clear to us that the construction to be given to the words "surviving child or children of such deceased son or brother" in clause twenty-eight, upon which construction our answer to question 1 and its subsidiary questions 2 and 3 particularly depends, may very materially affect the rights of persons in being and the contingent interests of persons not in being and not ascertainable who have or may have an interest under said

clause twenty-eight and who are not now parties to this bill, especially if our construction of the quoted language of clause twenty-eight should result in an intestacy in any particular as to the principal of the trust estate.

We are, therefore, of the opinion that all persons in being, having an interest in the disposition of either the income or the principal of the trust estate under clause twenty-eight of the will, should be made parties respondent in this case; that the minor living children among such persons should be represented by guardians *ad litem;* and that a suitable and heretofore disinterested person should be appointed by the superior court to represent in this case all contingent interests of persons not in being and not ascertainable. We deem this necessary to be done by the executor and trustee and by the superior court before answering questions 1, 2 and 3 in the instant case, so that all such persons and interests may be bound by our construction of the quoted language of clause twenty-eight and not be left free to contend in the future for a different construction of that language.

Our refusal to answer at this time questions 1, 2 and 3, as certified, because of the absence of parties that we deem necessary in these proceedings, does not mean that we thereby intend to relinquish control of the case. The case will remain in this court for the purpose of the certification, but, in the exercise of the broad revisory power vested in us by the constitution and by statute, we will remand the papers in the case to the superior court solely to amend the record in the manner and to the extent specified in this opinion. Art. XII, sec. 1 of the amendments to the Rhode Island constitution. G. L. 1923, chap. 322, sec. 2 and chap. 324, sec. 6.

The certified questions 1, 2 and 3 have been exhaustively briefed and fully argued by the parties now in the case. We shall require nothing further from them, unless they should desire to meet any new matter that may be presented to us by the persons who may be added as parties in the case. In this event, they will be given an opportu-

nity, upon proper application by them, to submit to us in writing their answer to such new matter.

The papers in this case are remanded to the superior court with direction to: cause amendment of record and pleadings in accordance with the opinion; issue all necessary process; enter all usual interlocutory decrees; close pleadings and take any further proof required by the amendments and new pleadings; return papers in the case, as amended, to the office of the clerk of this court on or before November 1, 1937, with leave to the superior court to extend the time beyond November 1, 1937, for cause shown.

The superior court is advised to instruct each and every person added as a party in this case, who wishes to file a brief with us in support of his claim, to file such brief with the clerk of this court, in compliance with our rule for the filing of briefs in litigated cases, and further to instruct such person to indicate in such brief whether oral argument in support of his claim is desired by him. In the absence of such request in the brief, oral argument will be deemed as waived. The superior court is further advised to specifically instruct the representative of the contingent interests of persons not in being and not ascertainable that, in case he should find that there are diverse and conflicting contingent interests, it shall be his duty to fully present to us in his brief the claim of each such diverse and conflicting interests from their respective point of view.

As to the fourth question, the parties may present a form of decree, for entry by the superior court, to this court on July 6, 1937.

*Eliot G. Parkhurst, Edwards & Angell,* for complainant.

*Charles R. Haslam,* Guardian *ad litem,* for Caldwell and Byron Colt.

*Harry A. Tuell, John N. Regan,* for guardian.

*Edward W. Day,* guardian *ad litem,* for Melba Colt.

*Lee A. Worrell,* for Melba P. Colt, Admx.

*George Hurley, Walter V. Moriarty, John W. Moakler, Jr.,* for Elizabeth Colt Wilson.