OLIVA GABORIAULT *et al. vs.* EZECHIAS GABORIAULT, *Ex. et al.*

NOVEMBER 2, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is a bill in equity for the construction of a will, which was certified by the superior court to this court pursuant to general laws 1938, chapter 545, § 7, as being ready for hearing for final decree. According to the decree, it was heard by the superior court "by agreement of the parties . . . upon bill, answer and replication" and thereupon was certified for the construction of certain clauses of the will of Marie Gaboriault and also for determination of the ques-

tion of the status of Aime Lavallee as a party complainant. The determination of such question, we are informed by the respondents in their brief, "is the very essence of this proceeding, and said Aime Lavallee's absence is the principal cause hereof, since, were he here and capable of acting, all the questions which are here raised could be solved by the joint actions of all the parties."

Complainants allege in their bill that they bring it for themselves "and upon behalf of Aime Lavallee, unmarried, who is without the confines of the United States and whose exact whereabouts is unknown"; and they further allege that communication with him has been impossible for more than a year and will, in all probability, continue to be impossible for a long time to come, and also that "his interest in the present litigation . . . is identical" with their interest and that "the relief herein sought for them will be equally as beneficial to him."

Respondents admitted in their answer the fact of Aime Lavallee's absence as above alleged in the bill and the impossibility of communicating with him, but they neither admitted nor denied the identity of his interest with that of the other complainants nor that the relief sought by the bill would be equally beneficial to him, and left the complainants to their proof. Further answering, they denied that Aime Lavallee was a proper party complainant, but alleged that he was "a necessary party and should be made a party defendant and that service of process against him should be made in such manner as the Court might order, and that it is necessary that a guardian *ad litem* be appointed to represent his interests."

Complainants, in their replication, admitted the truth of new factual matter well pleaded in the answer, made no reply to respondents' other claims and contentions and joined issue as to the residue of the answer. On this state of the pleadings complainants and respondents agreed to the entry of a decree of certification, and the superior court ordered the entry of such decree.

On the hearing before us, notwithstanding the allegations contained in their answer, the respondents expressly declined to argue that Aime Lavallee was not properly before the court, and therefore this court was without aid on that side of the question. Complainants argued that Aime Lavallee was properly made a complainant under the so-called doctrine of virtual representation of parties.

Another singular phase of the travel of this cause was the change of position of the complainants as to the construction of Marie Gaboriault's will. In this court they argued for a construction of the will contrary to the contentions which they had specifically set out in the bill and substantially as contended for by the respondents in their answer. And so on this question we were left without the benefit of argument in support of the adversary views alleged in the bill. If we were required to construe the will under such circumstances it would be somewhat awkward, to say the least. However, in view of the conclusion to which we have come, on the record before us, it will not be necessary, at this time, to deal with the difficulties of such an anomalous situation.

On the pleadings as they stood at the time of the entry of the decree of certification, this cause was clearly not ready for hearing for final decree in accordance with chap. 545, § 7. The questions of the necessity and propriety of Aime Lavallee as a party complainant, under the allegations of the bill, are not properly before this court for determination under that section. Such questions were for determination, in the first instance, by the superior court, and should not be included in the certification of a cause to this court in accordance with § 7. That section "provides a direct and simple procedure for the construction of a will, by a bill in equity for that purpose only." *Maddalena* v. *Masso,* 48 R. I. 92, 94.

As this cause was, in our opinion, improperly certified, it is remanded to the superior court for further proceedings.

*Woolley, Blais & Quinn,* for complainants.

*R. DeBlois LaBrosse,* for respondents.