Oliva Gaboriault *et al. vs.* Ezechias Gaboriault, *Ex. et al.*

JUNE 24, 1943.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is a bill in equity for the construction of a will. When the cause was ready for hearing for final decree in the superior court it was certified to this court under general laws 1938, chapter 545, § 7, for the determination of certain questions.

It appears from the bill, answer and replication that Marie Gaboriault, hereinafter referred to as the testatrix, died February 15, 1942 leaving a will dated October 24, 1936 which was duly admitted to probate on March 23, 1942 by the probate court of Central Falls. Surviving the testatrix, who was a widow, were four children and two sons of a deceased daughter. The complainants are three of the

testatrix's children, two of whom are widows, the wife of one of said children, and a son of the deceased daughter and his wife. The other son of said daughter is a complainant by representation. The respondents are a son of the testatrix and his wife. He is the executor of her will. No minor's rights are involved in the cause. The testatrix left personal property which was sufficient to pay her debts and the charges of administering her estate. Also at her death she owned three parcels of real estate in Central Falls with improvements thereon, that is to say, tenement houses.

This cause was before us earlier, and the question of the status of one of the parties as a complainant having then been raised, we remanded the cause to the superior court for its determination, in the first instance, of certain questions arising in that connection. *Gaboriault* v. *Gaboriault*, 68 R. I. 435, 28 A. 2d 744. Those questions were duly passed upon by that court. All possible views relating to the questions raised under the will to be construed having now been argued and presented to us fully, we will proceed to consider such questions without concerning ourselves further at this time with the rights of the said party complainant or with the propriety of making him such a party by representation.

The portions of the testatrix's will material to the questions raised are as follows: "Fourth: I bequeath and devise to my beloved children, Oliva Gaboriault, Rose Alma Lavallee, Eliza Audette, and Ezechias Gaboriault, and to each of them, my said children, a one-fifth part of my estate, both real and personal, wherever located, of every kind and description, now or hereafter owned by me, and not otherwise disposed of herein. Fifth: I bequeath and devise to Alphonse Ezechias Lavallee and Aime Lavallee, children of my beloved daughter, Mathilda Lavallee, deceased, the remaining one-fifth part of my estate as aforesaid, share and share alike. Sixth: I direct that pending the sale of my real estate, situated in said City of Central Falls, that my executor of my will collect the income of

said real estate, and apply proceeds thereof in the payment of taxes, and such other assessments as may constitute liens thereon, and to make necessary repairs to maintain said properties in good order. Seventh: I direct that my real estate as aforesaid be reduced into lawful currency of the United States within one year from the date of my decease and that the proceeds thereof be distributed as hereinbefore directed."

Numerous questions are propounded by the parties in the decree of certification but it is not necessary at this time to set them out in full. They fall into two groups: The first group involves a determination of the interest which the residuary devisees receive in the testatrix's real estate under her will. The second, depending upon the answer made to the first group, presents questions which relate to the proper solution of certain problems arising in case such real estate is to be sold.

The complainants contend that by the fourth and fifth clauses of the testatrix's will her real estate was devised to her residuary devisees absolutely in fee simple. The complainants call our attention to G. L. 1938, chap. 566, § 14, which provides: "Whenever any real estate shall be devised without words of limitation, such devise shall be construed to pass the fee-simple or other the whole estate or interest which the testator had power to dispose of by will in such real estate, unless a contrary intention shall appear by the will."

They argue that no such contrary intention appears distinctly and with reasonable certainty in the testatrix's will; that there is nothing in the sixth and seventh clauses thereof which shows an intent on her part to limit or cut down the estate apparently devised by the fourth and fifth clauses; and that the seventh clause, referring to a sale of the real estate, should be construed merely as a recommendation by the testatrix and therefore precatory only, or disregarded as expressing an intention not legally permissible in view

of the apparent absolute devise contained in the fourth and fifth clauses.

On the other hand, the respondents urge, among other things, that considering the whole will it is clear that the testatrix intended that her real estate should be sold and converted as provided in the seventh clause into personalty, and that her residuary devisees should receive her estate under the fourth and fifth clauses in money only and not as interests in realty.

It is well settled that the fundamental rule in the construction of wills is to ascertain and give effect to the intention of the testator in so far as possible. His general intent and purpose must be gathered from the instrument as a whole, and the various clauses thereof should, if possible, be harmonized so as to give effect to all, provided no inconsistency results. See *Frelinghuysen* v. *New York Life Ins. & Trust Co.*, 31 R. I. 150; *Gould* v. *Trenberth*, 61 R. I. 5; *Redding* v. *Rhode Island Hospital Trust Co.*, 67 R. I. 41.

Upon a careful consideration of the will now before us, we are of the opinion that there is no repugnancy between any of the provisions of that instrument, that it was the testatrix's clear intent that her real estate should be sold and converted into money, as provided in the seventh clause of her will, and that such money should then be distributed to her residuary beneficiaries under the fourth and fifth clauses. We thus construe the direction in the seventh clause that the real estate be reduced into lawful currency, especially in view of the language of the sixth clause setting out certain directions to her executor pending the sale of the real estate.

It has been held that whether or not a provision in a will amounts to an equitable conversion into personalty of real estate therein devised depends, like other questions regarding the effect of testamentary dispositions, upon the determination of what was the testator's intent. If a testator clearly intended, as disclosed by the language of his will judicially construed, that his real estate be converted out

and out into personalty, then the court will give that intention effect by treating the real property as personalty from the time of his decease. Such an out-and-out direction to convert is distinguished from a mere discretionary or limited power to convert. *King* v. *King,* 13 R. I. 501. The following cases furnish instances in which the court has held that an equitable conversion of real estate into personalty has been brought about by testamentary direction to sell such realty. *Haszard* v. *Haszard,* 19 R. I. 374; *Petition of Holder,* 21 R. I. 48; *Van Zandt* v. *Garretson,* 21 R. I. 352 and 418; *Petition of Adams,* 32 R. I. 41; *McCrillis* v. *McCrillis,* 49 R. I. 240; *Hogan* v. *Taylor,* 64 R. I. 471.

In the instant will the direction to sell is, in our opinion, clear and imperative and in no sense discretionary or limited. Thus it appears that the testatrix clearly intended an absolute out-and-out conversion of her realty into personalty. The word "direct" is used by the testatrix in the seventh clause in reference to the sale and to the distribution of the proceeds thereof. For the extent of that distribution and to what persons it is to be made she expressly refers back in said seventh clause to prior clauses in the will, obviously the fourth and fifth, showing the connection and relation between the different parts of that instrument. The opportunity for argument on this issue might have been materially lessened if the order of the clauses in question had been reversed; but we have no difficulty in finding such an intent as we have above set out, notwithstanding the present position of such clauses in the will. We are unable to accept the complainant's contention that the seventh clause is merely precatory.

It seems plain to us that the general scheme of the testatrix, considering her will as a whole, was to have her real estate sold and the proceeds thereof distributed to her residuary beneficiaries in the proportions which she had indicated, and that pending such sale her executor was to collect the income from such real estate, care for the property and pay all necessary obligations in connection therewith.

Such an intent on the part of the testatrix seems reasonable and explainable. Difficulties arising from a situation in which several persons, each having a fractional interest, might become joint owners in several parcels of real estate would thus be avoided, as we think was her intent.

Having come to the above conclusion that the testatrix clearly intended the out-and-out conversion of her realty into personalty and specifically so directed by a clear and imperative provision in her will, we find that such a direction furnishes the contrary intention referred to in § 14, *supra*, so as to prevent the passing under that statute of the fee simple absolute in such realty to the beneficiaries named by her in the fourth and fifth clauses of her will. It has been held that such a contrary intention "must distinctly and with reasonable certainty appear from the terms of the will". *Atkinson* v. *Staigg*, 13 R. I. 725, at page 727. In our opinion, that requirement has been met by the provisions of the will now before us, especially by the sixth and seventh clauses thereof.

In this connection the complainants have cited to us *Hammill* v. *Anderson*, 43 R. I. 103. In our judgment that case is distinguishable from the present one. There the circumstances in respect to the will under consideration were unusual, and it was not possible to carry out the sale provided for therein in the manner directed by the testator. In that case the court concluded that a contrary intent such as to prevent the operation of the above statute did not appear in the will distinctly and with reasonable certainty, and also that the fee to the realty involved passed irrespective of the statute.

Our answer to the first group of questions, therefore, is that by reason of the equitable conversion by the testatrix of her realty into personalty the only beneficial interests which the residuary devisees received under her will were the rights to the proceeds of the sale of such realty, as directed by her.

Several questions are raised by the parties in connection

with the sale of the testatrix's realty. As already indicated, a mandatory direction in a will to sell real estate and distribute the proceeds is usually construed to operate as a conversion. In such an instance there is no absolute necessity for a direct devise in terms to an executor or trustee, assuming that the power is to be exercised by either of them. Furthermore, the failure to name a person to make the sale is not fatal, nor is it conclusive against a finding that a testator intended a conversion. In the will before us it is clear that the testatrix intended the conversion to be obligatory, not discretionary. Under such circumstances the power to make the necessary sale to bring about that result is considered to be a power in the nature of a trust. Tiffany Real Property, two vols. in one (ed.), ch. 10, § § 278-280. See *Hendrick* v. *Probate Court,* 25 R. I. 361; *Priestley* v. *Tinkham,* 68 R. I. 103.

The testatrix by her will appointed an executor, namely, a son who, it appears, had had the care of his mother's real estate for about fifteen years prior to her death. She also gave her executor, in the sixth clause of her will, certain duties to perform in connection with such realty prior to its sale. It is true that the testatrix appointed no one specifically to make the sale she provided for in the seventh clause of her will. It has been held, however, that in such a case, where the intent to have a conversion is clear, and where the will names an executor, he, by implication, would have the power to sell. *Stoughton* v. *Liscomb,* 39 R. I. 489. See also *Hogan* v. *Taylor, supra.* We find, therefore, that the executor named in the testatrix's will has the power to make the sale called for by the seventh clause of that instrument.

We are asked whether the testatrix's real estate can be sold in parcels or whether it must be sold as a whole. In our opinion, sufficient facts do not appear in the present record to enable us to answer this question fully. We will, therefore, merely state that it is the clear duty of whoever makes the sale to have it carried out in such a manner that

the most advantageous results, from the point of view of the testatrix's estate, will be obtained.

We are also asked whether or not the executor personally can acquire title to any portion of the testatrix's real estate in the event of a sale thereof under the will. In our opinion, we are not obliged to answer this question. Under the bill before us we are primarily called upon to construe the testatrix's will. The question under consideration does not directly touch that issue. Further, in so far as we advise or instruct the executor in connection with his duties under the will, we do so only in his official capacity as executor, and we do not advise or instruct him in his individual capacity.

The seventh clause of the testatrix's will contained the provision that her real estate be reduced into lawful currency "within one year from the date of my decease". No sale was had within that time. It is generally held, however, that, in the absence of clear language to the contrary, such a provision is directory rather than mandatory. In *Trudeau* v. *Collins,* 65 R. I. 464, this court decided that a power which had been unexecuted for several years remained effective and that a valid sale could be made thereunder notwithstanding the expiration of the time specified in the will. See also *Myers* v. *Cady,* 22 R. I. 549. We conclude, therefore, that the power of sale in said seventh clause is not limited to the period of one year from the death of the testatrix.

As we have construed the sixth and seventh clauses of the testatrix's will, the powers given the executor thereunder were such as to be in the nature of trusts. That being the case, while the executor is accountable to the probate court of Central Falls for the performance of his duties strictly as executor, he is not properly accountable to that court for the carrying out of his duties as trustee under said clauses. For the correct performance of such duties he would be accountable elsewhere to the beneficiaries of the trusts. See *Hendrick* v. *Probate Court, supra.*

In our opinion, we have now answered all of the questions asked by the parties which it is necessary and proper for us to answer.

On July 6, 1943, the parties may present for our approval a form of decree, in accordance with this opinion, to be entered in the superior court.

*Woolley, Blais & Quinn,* for complainants.

*R. deB. LaBrosse,* for respondents.