GERALD J. MARTIN *vs.* INDUSTRIAL TRUST COMPANY, *Tr.*

JULY 26, 1944.

PRESENT: Flynn, C. J., Moss, Baker and Condon, JJ.

Moss, J. This cause was begun by a bill of complaint filed against the respondent as trustee under the will of Michael Nolan, late of the city of Pawtucket in this state, deceased, which will was admitted to probate on March 11, 1931, by the probate court of that city. The complainant filed the bill in the capacity of guardian of the two children of Joseph P. A. Nolan, who was the son of Michael Nolan and predeceased him.

The cause later came before a justice of the superior court for hearing upon bill, answer and replication, and was certified by him to the supreme court as being covered by G. L. 1938, cap. 545, §7.

The complainant in his bill quotes, from the seventh clause of the will, language in which the testator directed the respondent, as trustee thereunder, to pay over the in-

come of the trust estate, and so much of the principal thereof as might be necessary, to the widow of his son Joseph "for the proper care, support and education of such of the children of my said son as shall be living at the time of my death, and such payments shall continue until said children shall respectively reach the age of twenty-five (25) years, at which time each of said children shall receive his or her proportional share of the entire remaining principal of said trust estate."

The complainant also alleges in his bill that the only children of Joseph Nolan who were living at the death of the testator were Austin J. Nolan and Richard M. Nolan; that their mother died on June 30, 1932; and that, on September 1, 1934, he, the complainant, was duly appointed the guardian of each of them by the said probate court and duly qualified as such; and that after that time the respondent paid over to him as such guardian the income of the trust estate in accordance with the opinion of this supreme court in *Industrial Trust Co., Tr.* v. *Nolan,* 63 R. I. 156.

He further alleges, in paragraphs 6, 7 and 8 of his bill, that he filed in that probate court his account as guardian of each of said Austin J. Nolan and Richard M. Nolan for the period from September 1, 1934 to May 1, 1942; that it was approved by the decree of that court November 12, 1943; that Austin J. Nolan, having reached his majority, joined in the prayer for the allowance of the account; that that court, by its decree, approved an allowance of $500 to the complainant for his services as guardian of Austin J. Nolan from September 1, 1934 to May 1, 1942 as one of the items in that account and no appeal was taken from that decree; that that court, by its decree, approved a similar allowance to the complainant for his services as guardian of Richard M. Nolan and no appeal was taken from that decree; and that his services as guardian of the persons and estates of Austin J. Nolan and Richard M. Nolan were necessary for their proper care and well-being.

In paragraph 9, being the last in his bill, he alleges that the respondent trustee is in doubt as to its authority to pay to the complainant these sums of $500 each under the terms of paragraph A of the seventh clause of the will of Michael Nolan. The prayers of the bill are that the respondent be ordered and directed to pay to the complainant from the income and principal of the trust estate the sum of $1000, for his services as guardian as aforesaid, and a prayer for general relief. There is no prayer for the construction of any part of the will of Michael Nolan.

The respondent in its answer admits all the allegations of the bill of complaint except those set forth, as above stated, in paragraphs 6, 7 and 8. As to all these excepted allegations the respondent states that, having no knowledge of them, it neither admits nor denies them, but leaves the complainant to make such proof thereof as he may be advised.

To the answer of the respondent the complainant filed a general replication joining issue "on the matters alleged in the answer of the respondent." We are of the opinion that there were thus put in issue by the pleadings in the case many material allegations made by the complainant, the proof of which by him, in addition to the admission by the respondent of the truth of the other allegations of the bill, was necessary to entitle him to the relief for which he prayed, namely, that the respondent be ordered and directed to pay to him, from the trust estates involved, the sum of $1000 for his services as guardian of the persons and estates of the beneficiaries of the trust created by the seventh clause of the will of Michael Nolan.

There is thus presented for our consideration the question whether in this situation the cause could properly, under general laws 1938, chapter 545, §7, be certified by the superior court to this court for determination. On this question the pertinent part of this section is the first sentence, as follows: "The superior court shall certify to the supreme court for its determination all bills in equity for

the construction of any will or trust deed, or for instructions relative to any will or trust deed, whenever and as soon as any such cause is ready for hearing for final decree, and may, after hearing any other cause for final decree, certify such cause for the determination of the supreme court."

After careful consideration of that section and of numerous cases, in our reports, throwing light upon its proper construction and application, and after considering the allegations in the pleadings and the specific relief sought by the bill of complaint in this cause, we have reached the conclusion that this bill is not one for the construction of a will or for instructions relative thereto within the meaning of the above section.

This is not to say that such a bill, satisfying the requirements of that section, could not properly be brought and certified for our determination. But, if such a bill is brought, every person or corporation having an interest or possible interest in the question or questions involved should be made a party and, in case of a minor or persons *non compos mentis* or not ascertained or not in being, should be properly represented.

As the bill of complaint in this cause does not satisfy the requirements of the above section, we are of the opinion that it was improperly certified to this court and therefore should be remanded to the superior court for further proceedings.

*Lawrence A. McCarthy,* for complainant.

*Hinckley, Allen, Tillinghast & Wheeler, Stuart H. Tucker,* for respondent.