# Smith v. Fowler et al.

Dec. 4, 1945.

Milliken & Handmaker for appellant.

Ben F. Washer and George C. Burton for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellees instituted this action to require the appellant to specifically perform a contract involving the sale of certain real estate which they inherited from their father, C. W. Fowler. The appellant defended on the ground that the appellees took only a life estate in

the property, notwithstanding the fact it was adjudged in the Jefferson Circuit Court in 1924 that the appellees took a fee simple interest in the property, subject to a conditional life estate held by their mother. The basis of that ruling was that certain provisions of Mr. Fowler's will ran afoul of the rule against perpetuities. There was no appeal from that judgment and the appellees take the position that it is res judicata as to all questions involving title to the property. The appellant contends that the will was improperly construed in certain respects, and that the unborn contingent remaindermen (lineal descendants of the appellees) were not represented in the action. We believe that the chancellor properly construed the will in 1924, and that the position of the appellees is well taken. Furthermore, we have concluded that the unborn contingent remaindermen were properly represented in the action.

Mr. Fowler directed that the Louisville Trust Company act as the executor and trustee of his estate. The income of the estate was to be paid to Mrs. Fowler so long as she lived or remained unmarried. Thereafter the income was to be divided equally among Mr. Fowler's three children; two of the appellees and a daughter now deceased. In the event the daughter died without issue the will directed:

"After the death of my said daughter said income shall be paid to her lineal descendants per stirpes, so long as there shall be any such descendants living. If there are no such descendants, then at her death or after the death of all such descendants, said income shall be paid to my two sons in equal parts or to the survivor." The same restriction was applied to the interests given the two sons, with the further direction that, in the event either of them died without issue and left surviving a wife, she was to take one-third of his share until her death or remarriage. There was a further provision in the will that after the death of all of the children and their lineal descendants and the widows of the sons, then the income from the estate should be paid to a board named to direct an educational fund.

Shortly after Mr. Fowler's death in 1923, the Louisville Trust Company instituted the aforementioned action wherein a construction of the will was sought. The widow of Mr. Fowler, the children and their spouses and

the trustees of the educational fund were named parties defendant. All the defendants were before the court. The trustees of the educational fund joined in the prayer for a construction of the will. The Fowler heirs answered, taking the position that certain provisions of the will constituted a violation of the rule against perpetuities, because they attempted to suspend the absolute power of alienation for a longer period than during the continuance of a life or lives in being at the creation of the estate and 21 years and 10 months thereafter. They also contended that the bequest to the educational fund was void for uncertainty and remoteness. Their position was that, after the death or remarriage of the widow, the three children took fee simple titles in the estate. In the trustee's reply to the Fowler heirs' answer, it denied that the will created a perpetuity, and that any provision was void because of uncertainty or remoteness, and further that Mr. Fowler's children would take a fee simple title upon the death or remarriage of their mother. As heretofore indicated, the judgment went in favor of the Fowler heirs.

The appellant contends that the unborn contingent remaindermen could not have been represented by Mr. Fowler's children, because the children's interests in the estate would be hostile to the interest of any children which they might have. In this he is correct. See Lowe v. Taylor, 222 Ky. 846, 2 S. W. 2d 1042. Annotation 120 A. L. R. 876. But the appellees contend that the unborn contingent remaindermen were properly represented by the trustee in whom the title to Mr. Fowler's estate was vested. We believe that contention is well grounded. Counsel for the appellees state that they have found no case in this jurisdiction directly in point, nor have we; but it seems to be rather generally held that a trustee may represent unborn contingent remaindermen where the first takers are before the court, and where there is no fraud or collusion. See Annotation 120 A. L. R., pp. 876, 886. Lord Hardwicke made the following statement of the rule in Hopkins v. Hopkins (1738) 1 Atk. 581, 26 Eng. Reprint 365:

"If there are ever so many contingent limitations of a trust, it is an established rule that it is sufficient to bring the trustees before the court, together with him in whom the first remainder of the inheritance is vested,

and all that may come after will be bound by the decree, though not in esse, unless there be fraud and collusion between the trustees and the first person in whom a remainder of inheritance is vested.'' In 30 C. J. S., Equity, section 145, p. 581, on the question of trust relations and representation it is said:

"In the case of trust relations, the doctrine of representation is very clearly applicable, for such relations are created for the very purpose of furnishing a representative for the cestuis que trust. Accordingly, in many but not all cases, as shown in the C. J. S. title Trusts section 366, also 65 C. J. p. 869 note 32 et seq., trustees sufficiently represent their beneficiaries, either as plaintiffs or defendants, and the latter are therefore not necessary parties; and especially is this true where the beneficiaries under the trust are very numerous."

In Bransford Realty Company v. Andrews, 128 Tenn. 725, 164 S. W. 1175, 1177, 1178, the rule has been stated as follows:

"The doctrine of virtual representation is thoroughly established in Tennessee. It is well settled that contingent limitations and executory devises to persons not in being, or uncertain and indeterminable at the time of the proceedings, may be bound by a decree against the person then claiming the vested estate. In suits to enforce a trust, or with reference to trust property, so limited in remainder, if the holder of the legal title, the life tenant, and the persons in being in whom the remainder would become a vested estate if the life estate then fell in—if all these are parties, a valid decree may be pronounced." See also Gunnell v. Palmer, 370 Ill. 206, 18 N. E. 2d 202, 120 A. L. R. 871.

The plausibility of, and necessity for, the rule just discussed is brought forcibly home in the case at bar. Mr. Fowler's daughter died without issue. Neither of his sons has issue. As we have noted, Mr. Fowler's children could not represent the interests of their unborn children, so, if the trustee had not been permitted to represent their interests, it would not have been possible to have had a construction of the will until after the death of Mr. Fowler's children. They could not have held fee simple titles, even though, as heretofore indicated, they were entitled to such estates.

The appellant advances the further contention that, since the wives of Mr. Fowler's sons were included in the will, it would be impossible to tell who might be the surviving spouse. As we have noted, all of the children and their spouses were made parties defendant in the 1924 action. It strikes us that the spouses were a class and were properly before the court, but in any event the position of the appellant would postpone a construction of Mr. Fowler's will until after the death of his sons. Under the circumstances, we deem this contention to be without merit.

Wherefore, the judgment is affirmed.