KRICK, EXECTOR OF ESTATE OF KLOCKENBRINK *v.*
KLOCKENBRINK, ET AL.

[No. 1167A92. Filed December 31, 1968. Rehearing Denied February 4,
1969. Transfer denied June 6, 1969.]

*John S. Grimes,* Indianapolis, *Phillips B. Johnson,* Versailles, for appellant.

*Greeley Gay,* Versailles, for appellees.

COOPER, J.—This is an appeal from a negative judgment rendered in the Ripley Circuit Court against the plaintiff, appellant herein, in an action to quiet title to real estate.

The plaintiff proceeded on an amended complaint in three paragraphs, the first of which alleged that the plaintiff's

decedent was the owner of the real estate in question at the time of her death. The second paragraph alleged sole ownership in the plaintiff's decedent by reason of her having been the surviving tenant of real estate deeded to her and to her deceased husband as tenants by the entireties. The third paragraph alleged that the appellant's decedent had acquired title to the real estate by adverse possession.

The appellees filed an answer and a cross-complaint, which alleged that the defendants were the owners in fee simple of the real estate and prayed that the title be quieted in them. After the cause was at issue, trial was had to the court, which rendered judgment for the appellees, holding that the appellant had no interest in the real estate and quieting appellees' title to the real estate.

The appellant's sole assignment of error on appeal is the overruling of his motion for a new trial. The assigned causes for a new trial set out in said motion are that the decision of the court was not sustained by sufficient evidence and that the decision of the court is contrary to law.

Both our Supreme Court and this Court have repeatedly held that the assignment that the decision of the Court is not sustained by sufficient evidence presents no question to this court for review where the verdict or decision is negative to the appellant. *Hinds, Executor, Etc. v. McNair et al.* (1955), 235 Ind. 34, 41, 129 N. E. 2d 553; *Nationwide Mutual Insurance Company v. Day* (1967), 140 Ind. App. 564, 224 N. E. 2d 520. However, a negative judgment may be attacked under the specification that the verdict or decision is contrary to law. *Hines, Executor, v. McNair, supra; Nationwide Mutual Insurance Co. v. Day, supra.*

It appears from the stipulation of the parties contained in the record, that Louis Klockenbrink died June 22, 1924, the owner of certain real estate located in Ripley County, Indiana, leaving as his heirs his widow, Louisa, and his sons,

Charles, Edward, Harry and William Klockenbrink. Louis Klockenbrink died testate leaving a will dated November 26, 1920, with a codicil attached which will and codicil were admitted to probate in the Ripley Circuit Court. During the February, 1925 term of the Ripley Circuit Court, Charles Klockenbrink filed a suit to contest the will of his father, said Louis Klockenbrink, and also during the same term of court he filed a suit to quiet title to certain real estate devised by the will of Louis Klockenbrink.

The pertinent part of the will in question reads in part as follows:

"Tenth: it is my will that my son, Charles Klockenbrink, shall have for and during his natural life the following described real estate in Ripley Co., Indiana, Beginning at the south-west corner of section twenty-eight (28) town eight (8) north range twelve (12) east and running thence east on the section line far enough so that a line running north parallel with the west line of the section to the quarter line thence to the pike and south-west with the pike to point of beginning, will contain sixty three (63) acres,

"Also beginning at the south-east corner of the last described 63 acre tract when established, and running thence east on the section line to the south quarter corner of said section, thence north on the center line of said section far enough that a line running west and parallel with the south line of the section to the east line of said 63 acre tract, will contain ten (10) acres.

"Eleventh: At the death of said Charles Klockenbrink, my son, the real estate given him by item ten (10) of this will shall go to his children and should he die without issue of his body surviving, then said real estate so devised to him shall go to those of my children then living and the heirs of those who may be dead."

On February 21, 1925, the parties to the will contest and the quiet title action, Edward Klockenbrink, the Executor of the will and codicil, Harry Klockenbrink, William Klockenbrink and Louisa Klockenbrink, being the children and widow of Louis Klockenbrink, and all being legatees and devisees

under said will and codicil of Louis Klockenbrink, submitted to the Ripley Circuit Court as a family settlement agreement, an instrument reading in part as follows:

"Second: it is agreed that the party of the second part, to-wit: Charles F. Klockenbrink, is to receive, have and hold in fee simple the following described real estate situated in Ripley County, Indiana, to-wit: Beginning at the South west corner of section 28, town 8, north range 12 east, and running thence east on the section line far enough so that a line running north parallel with the west line of the section to the quarter line; thence to the pike and south west with the pike to a point of beginning, containing sixty three acres, more or less, also a ten acre tract of land set out and described in the will of said deceased and containing in both descriptions seventy three acres, more or less."

The family settlement agreement, of which the foregoing is a part, was approved and was incorporated by the Court in the judgment of the Court in settlement of the will contest and the suit to quiet title. It appears that on the same day, Louisa Klockenbrink, Harry Klockenbrink, Edward Klockenbrink, William Klockenbrink, and the spouses of those that were married, executed a series of quit claim deeds, conveying to Charles Klockenbrink the above described real estate, part of which is the subject of this action.

Charles Klockenbrink who was living on the property involved in this case from before his father's death, continued in possession thereof thereafter until his own death, farming it, making necessary repairs thereto, and paying the taxes thereon.

The appellees herein are the grandchildren of Louis Klockenbrink and the children of Edward, Harry and William Klockenbrink. These appellees were all alive and were minor children at the time of their grandfather's death. They were not named as parties nor served in the 1925 suits, nor were they represented by guardians ad litem. The question now before us to decide is whether the interests of the appel-

lees in the real estate in question were affected by the family settlement agreement and the final judgment rendered thereon in 1925.

Our decision of the legal question involved in this appeal is based on the doctrine of virtual representation. In the case of *Groves et al. v. Burton et al.* (1954), 125 Ind. App. 302, 312, 313, 123 N. E. 2d 204, 123 N. E. 2d 705, this Court held:

> "In quiet title suits and other actions involving the determination of title, where all parties are before the court that can be brought before it, and the court acts properly as to rights that appear, there being present no element of fraud or collusion, the decision of the court is conclusive as to the state of the title. 44 Am. Jur. 80, *Quieting Title* § 95, note 6; *Davis v. Lennen* (1890), 125 Ind. 185, 188, 24 N. E. 885, *supra.*

> "To the generally accepted rule there exists an exception born of the justice and necessity of settling the rights of parties in being and the adjudication of property titles with dispatch. It is, of course, an exception to be carefully weighed and applied with the utmost caution. It is generally referred to as the doctrine of virtual representation.

> "The doctrine may be generally stated in this wise: Persons having a remote, contingent, or expectant interest in realty are bound by the judgment rendered in proper cases and under proper circumstances in an action concerning the property, although not made parties to the suit, if their interests are properly represented, or by persons who have the same interests and are equally certain to bring forward the entire merits of the question, so as to give the contingent interest effective protection. 33 Am. Jur. 646, *Life Estates, Remainders, etc.,* § 180, *et seq;* 34 C. J. 1000, *Judgments* § 1421; 50 C. J. S. *Judgments,* § 776, p. 307. This rule has particular applicability in the realm of its especial significance, that is, where estates are limited over to persons not in being, and who therefore could not be made actual parties. 33 Am. Jur. 646, *Life Estates, Remainders, etc.,* § 180, note 19; 34 C. J. 1000, *Judgments,* § 1421, note 27; 50 C. J. S. *Judgments,* § 776, p. 307, note 38.

"When applied to the interests of those not in being, the procedure of the judgment must be free from collusion or fraud, and the rule loses its potence where it appears that there was not such identity of interest between the parties to the action and the persons they are held to represent as to afford proper protection of the interests of the latter. 33 Am. Jur. 646, *Life Estates, Remainders, etc.*, § 180, Note 1, and § 182, notes 1 and 2, p. 652." See also *Hegarty, et al. v. Curtis* (1950), 121 Ind. App. 74, 95 N. E. 2d 706.

Family settlements are favorably regarded by courts of equity and will be upheld where no fraud is shown. *McAdams v. Bailey et al.* (1907), 169 Ind. 518, 82 N. E. 1057; *St. Clair v. Marquell et al.* (1903), 161 Ind. 56, 67 N. E. 693; *Eissler v. Hoppel et al.* (1902), 158 Ind. 82, 62 N. E. 692. It should be further noted in this case that after the final judgment was rendered in 1925, the parties to the agreement executed quit claim deeds pursuant to such settlement and judgment which conveyed only such interest or estate in the land as the grantors held at the time they executed the deeds. I. R. S. 1852, ch. 23, § 9, p. 232; Burns' Indiana Statutes, (1961 Repl.), § 56-113; *Sabinske et al. v. Patterson* (1935), 100 Ind. App. 657, 666, 196 N. E. 533.

Furthermore, in the case of *McAdams v. Bailey* (1907), *supra,* at page 532, our Supreme Court stated:

". . . it may be confidently asserted that in this State a person, *sui juris,* owning a contingent remainder in land, or in personal property, may sell the same for such sum as may be agreed upon between himself and the purchaser, provided the former does not stand towards him in a trust relation, and in making the purchase, acts in good faith" (Authorities omitted).

It is clear from an examination of the will of Louis Klockenbrink that he intended that the appellees herein should take their interest in the property through their respective fathers, Edward, Harry and William Klockenbrink, in the same proportions that their fathers took. Therefore, if the appellees'

fathers conveyed their interests away, the appellees would have no interest left to them. Moreover, we must hold, in following the language set out in the case of *Groves et al. v. Burton, supra,* that the appellees' interests were properly represented by their fathers in the 1925 settlement agreement and the judgment entered on said agreement, and that the appellees are therefore bound by such judgment.

The language of items number 10 and 11 of the will of Louis Klockenbrink, clearly demonstrated that the testator intended to devise alternative contingent remainders. For the law applicable see the Introduction to the Law of Real Property, Vol. 1, § 4.36, p. 472, and § 4.67, p. 525.

In the American Law of Property, Vol. 1, § 4.66, p. 523, we find the following:

". . . the alienation of a future interest may mean that the wishes of the conveyor or testator who created it are defeated. Suppose A conveys to B for life, and if B die without leaving any children him surviving, then to C and his heirs. If C should sell his contingent remainder to a stranger, the latter would pay him very little for it. Hence, if such sale takes place and B subsequently dies without surviving children, C will have neither the land nor a consideration which is commensurate with what it is worth. The purchaser will have a windfall and will reap most of the benefit of A's gift.

"However, even though the law says that C's contingent remainder is inalienable, it is everywhere conceded that C can accomplish the result of an alienation by a conveyance with warranty or by a contract with valuable consideration. But if the law were to go no further, it would permit a person properly informed about the law of alienability to convey, when a person without information about the effect of conveyances with warranty and with valuable consideration could not. Thus, unless future interests are freely alienable, the law places an unreasonable penalty on ignorance.

"Moreover, the human urge to cash in on future benefits is something which the law cannot wholly curb. In view of all these factors, the modern tendency is, and

should be, in the direction of free alienability of future interests."

On page 525 of American Law of Property, § 4.67, we find the following:

"It is true, no one will pay him much for it, and the probability of the interests ever vesting is very slight. But it would seem that there is no public policy against D's transferring whatever chance he has, if he so desires. Of course, if an instrument contains a limitation by way of a contingent remainder or executory interest in favor of an unborn person, it may be said that the prospective interest is inalienable. Strictly speaking, it is not an interest until the person comes into being; but even if it were, there would be no owner who could alienate it before the person is born."

The appellees herein claim their interests in the real estate in controversy through their respective fathers. The record shows that the fathers and their respective spouses entered into the family settlement or agreement which appears to have had sufficient consideration as hereinabove stated, and final judgment quieting title was entered on this family settlement agreement. We are therefore of the opinion that the appellees' interests were properly represented by their respective fathers and mothers when they entered in to the family settlement agreement and consented to the judgment which was entered, and that the appellees are thereby bound by such judgment.

The appellees contend that the record shows elements of collusion and fraud in the 1925 judgment and that therefore the doctrine of virtual representation should not be applied. However, upon an examination of the record and the testimony included therein, we cannot say as a matter of law that there was fraud or collusion shown by the record at the time of the trial court's judgment entered in 1925.

Because of all of the reasons hereinabove set out, we are of the opinion that the judgment appealed from is contrary to law and therefore must be reversed.

Judgment reversed, with instructions to enter judgment for the appellant herein granting the relief sought in the court below.

Carson, C.J., Faulconer and Prime, J.J., concur.

NOTE.—Reported in 242 N. E. 2d 848.