359 A.2d 705.

ANTHONY F. ROTELLI *et al. vs.* LOUIS V. JACKVONY, JR. *et al.*

JULY 15, 1976.

PRESENT: Bevilacqua, C. J., Paolino, Joslin and Doris, JJ.

JOSLIN, J. This civil action for the construction of a will was tried before a Superior Court justice sitting without a jury and it is now here on the defendants' appeal.

Because the transcript of the trial proceedings consists primarily of testimony relating to the testator's dispositive intentions, the pertinent facts are drawn principally from the complaint and the briefs of the parties. They disclose that Antonio F. Rotelli (hereinafter "testator") died on August 12, 1968, and that his will was admitted to probate on October 7 of that year. The will provision requiring construction is the article creating a residuary trust.[1] It provides that during the lifetime of the testator's

---

[1] Article V of the testator's will reads in material part as follows:

"*Article V*: I give, devise and bequeath all the rest, residue and remainder of my estate * * * in trust, upon the following terms and conditions:

"A. I direct my Trustees to pay to or apply for the benefit of my beloved wife, Grace Papp Rotelli, for and during the term of her natural life, the sum of Fifteen Thousand ($15,000.00) Dollars a year * * *. Moreover, my Trustees may in their absolute discretion, at any time, and from time to time, pay to or apply for the benefit of my beloved wife, Grace Papp Rotelli, during her life, such sums of the principal as they may in their absolute discretion deem that she may need for her full support, comfort and welfare in addition to any other income.

"B. I direct my Trustees to pay or to apply the balance or remainder of the net income, after all payments made to my beloved wife in any one given year, in quarterly or more frequent installments

widow — who is still living — $15,000 of the net income therefrom shall be paid to her annually, and that the balance thereof shall be paid in as nearly equal shares as possible to his children, Ernest E., Thomas, Rosemarie, Christine R., and Anthony J., "and their issue, per stirpes, and not per capita."[1] The clause further provides that upon the wife's death the principal and any undistributed income remaining in the trust should be similarly distributed to the testator's children and their issue.

The children named in the residuary clause survived the testator, but Thomas died intestate 2 years after his father on October 27, 1970. The plaintiffs, Thomas' children, commenced this litigation in 1973, and they joined as defendants the testator's executor, his widow and his four surviving children. The plaintiffs argue that upon their father's death they became entitled to receive the income and principal payments which he would have received, had he lived, and that the payments should be made at the same times they would have been made to him. The defendants, on the other hand, contend that each of the testator's children who survived him, including Thomas, became indefeasibly vested of a one-fifth

in their discretion, in as nearly equal shares as possible among my following children: Ernest E. Rotelli, Thomas Rotelli, Rosemarie Barone, Christine R. Cianciarullo, and Dr. Anthony J. Rotelli, and their issue, per stirpes and not per capita * * *.

"C. I direct my Trustees to distribute the balance or remainder both principal and income of my Trust Estate after the decease of my beloved wife, Grace Papp Rotelli, as soon as possible, in as nearly equal shares as possible among my following children: Ernest E. Rotelli, Thomas Rotelli, Rosemarie Barone, Christine R. Cianciarullo, and Dr. Anthony J. Rotelli, and to their issue, per stirpes and not per capita * * *."

[2] In addition to the five children named in the residuary clause the testator had a sixth child, Andrew, whom he specifically excluded as a taker under his will. Any reference herein to the testator's children shall exclude Andrew and apply only to the five children named in the residuary trust.

interest in both the trust income and principal, and that Thomas' interest therein was not divested by his own death. The trial justice adopted plaintiffs' theory and construed the will as requiring that Thomas' income and remainder shares under Article V, sections B and C, respectively, should each be distributed in equal shares per stirpes to his issue living at the several times fixed for the distribution thereof.

An antecedent question to the construction of the disputed will provisions is whether all persons whose interests will be affected by whatever construction is placed upon the will are parties to this proceeding. The rule requiring such joinder exists not only to afford those persons an opportunity to be represented and heard, but also to enable the court to include them by the construction it gives the disputed provisions. *See Kirkley* v. *Bailey*, 282 Ala. 115, 209 So.2d 398 (1968); *Jennings* v. *Srp*, 521 S.W.2d 326 (Tex. Civ. App. 1975); 4 Page, *Wills* §§31.7, 31.12 (Bowe & Parker ed. 1961); *cf. Manufacturers Nat'l Bank* v. *McCoy*, 100 R. I. 154, 169, 212 A.2d 53, 61 (1965); *Tirocchi* v. *Tirocchi*, 66 R. I. 301, 19 A.2d 7 (1941); *Industrial Trust Co.* v. *Wilson*, 58 R. I. 378, 385-86, 192 A. 821, 824 (1937).

This question of joinder was not considered in the Superior Court. We were prompted to raise it, sua sponte, when at oral argument we learned, for example, that Thomas' estate, even though subject to substantial and disparate effects depending upon what theory of construction is adopted, had not been joined. Notwithstanding, the parties in supplementary memoranda attempt to justify nonjoinder by asserting that Thomas' issue are the only beneficiaries of his estate and will therefore take a proportionate share of the testator's residuary trust, both income and principal, irrespective of how the will is construed. But the obvious flaw in that attempt at justifica-

tion, at least on a record disclosing only that Thomas died intestate, is its failure to take into consideration that Thomas may have left a widow and that there may be unpaid creditors of his estate. Nor can their nonparticipation in the litigation be compensated for by the coincidence that Thomas' daughter Diane, who is one of the plaintiffs, is also the administratrix d.b.n. of her father's estate. Not only was she not made a party in that capacity, but as plaintiff she is urging the elimination of her father's estate as a beneficiary under the testator's will and the division of the residual share among herself and her brothers and sisters, a position hostile to that of the widow and creditors. True, this record does not tell us whether Thomas left a widow, nor whether his estate has unpaid creditors, but these are evidentiary gaps which can and should be filled on remand. If the record should then disclose that Thomas' estate, as distinguished from his issue, would benefit by a reasonably possible construction of the testator's will, it would necessarily follow that it should be made a party to the construction of the will. *See City Trust Co.* v. *Bulkley,* 151 Conn. 598, 601-02, 201 A.2d 196, 197-98 (1964).

In the course of the hearing relating to Thomas' estate, the Superior Court should also consider whether any other persons are sufficiently interested to require being named as parties and whether a guardian ad litem should be appointed to represent minors, and persons unknown, unascertained or not yet in being. *Martin* v. *Industrial Trust Co.,* 70 R. I. 374, 377, 38 A.2d 652, 653-54 (1944). In determining whether there are any such interested persons, a group which immediately comes to the fore is the issue, if any, of the four surviving children. Their potential for benefiting from the testator's will is perhaps presently more remote than that of their plaintiff-cousins since their parents have not as yet deceased. But

the parties do not rely so much on that ground as an excuse for not joining members of that group as defendants as they do upon the contention that their interests are receiving actual and efficient protection from their plaintiff-cousins and that consequently application of the doctrine of virtual representation makes joinder unnecessary. Under that doctrine the joinder of one or several of a number of persons having the same interests in a litigated matter will suffice to bind all similarly situated to the judgment on the theory that the natural motivation of those joined to advocate effectively their own interests will necessarily protect the interests of the others. *O —— F —— L —— v. M —— R —— R ——,* 518 S.W.2d 113, 120-21 (Mo. Ct. App. 1974).[3]

In a case much like the one before us, however, this court did not rely on that doctrine. *Industrial Trust Co.* v. *Wilson, supra.* Instead it refused to construe a will pending joinder as respondents of all persons having an interest in the disposition of either the income or the principal of a trust estate which interest might be materially affected. We reached this result even though there were parties who, like plaintiffs in this case, appeared to have similar interests, and we concluded that the case should be remanded so that all persons in being having an interest in the disposition of either the income or the principal of the trust could be made parties to the case; that the minor children living among such persons could be represented by guardians ad litem; and that a suitable and disinterested person could be appointed to

---

[3]For examples of cases involving this doctrine see *Crow Creek Gravel & Sand Co.* v. *Dooley,* 182 Ark. 1009, 33 S.W.2d 369 (1930); *Krick* v. *Klockenbrink,* 144 Ind. App. 55, 242 N.E.2d 848 (1968); *Smith* v. *Fowler,* 301 Ky. 96, 190 S.W.2d 1015 (1945); *Wachovia Bank & Trust Co.* v. *Waddell,* 234 N.C. 34, 65 S.E.2d 317 (1951); *cf. Gaboriault* v. *Gaboriault,* 69 R. I. 245, 247, 32 A.2d 623, 624-25 (1943); *Gaboriault* v. *Gaboriault,* 68 R. I. 435, 28 A.2d 744 (1942).

represent all contingent interests of persons not in being and not ascertainable.

Even if the factual and legal issues in *Wilson* are distinguishable from those here, we would still be confronted by the difficulties which inhere in the lack of a reasonably complete record as well as with the necessity for a remand for other purposes. In these circumstances it seems advisable that any question of whether the unjoined issue of the now surviving children of the testator can be virtually represented in these proceedings or whether they should be made parties should initially be disposed of at the trial level on a complete record and then reviewed in this court if necessary.

Accordingly, the defendants' appeal is sustained pro forma and the judgment appealed from is reversed pro forma; the papers in this case are remanded to the Superior Court with direction to permit amendment of the record and pleadings, to take new and additional evidence to the extent required, and upon conclusion of these proceedings to enter an appropriate judgment. In the event that an appeal is then claimed, the persons presently parties to these proceedings may rely to the extent deemed advisable on the briefs already filed with this court and any persons who may be joined may file briefs in compliance with our rule.

It is so ORDERED.

Mr. Justice Kelleher did not participate.

*Charles G. Edwards, Deming E. Sherman, Edwards & Angell,* for plaintiffs.

*Francis A. Kelleher, James H. Reilly,* for defendants.