A. S: REES ET AL. v. MRS. CHARLOTTE GRIMES' WILLIAMS.

(Filed 10 December, 1913.)

**Estates—Contingent Limitations—Deeds and Conveyances.**

A devise of land to L. with limitation that if she "shall die leaving issue surviving her, then to such issue and their heirs forever," but if she "shall die without issue surviving her, then the property to return to my eldest daughter": *Held,* the vesting of the estate in remainder depended upon the contingency of the death of L. without leaving "issue" surviving her, and

not upon the death of the testatrix (Revisal, sec. 1581) ; hence, during the lifetime of L. indefeasible title could not be conveyed, for should L. die leaving issue, the title would vest in them.

APPEAL by defendant from *Cooke, J.,* at November Term, 1913, of WAKE.

This is a controversy without action, submitted upon the following facts:

1. Several years ago Mrs. Jennie L. Lee, mother of the female plaintiffs and of Harry Lee, the other plaintiff, died leaving a last will and testament, which reads as follows, to wit: ·

WILMETTE, ILLINOIS, 30 June, 1905.

Know all men by these presents, I, Jennie Lind Lee, a citizen of the United States of America, residing at present in Wilmette, Illinois, do declare this to be my last will and testament.

First. I hereby revoke and annul all wills and codicils by me heretofore made.

My house and lot situated on corner of East and Jones streets in Raleigh, N. C., I leave to my daughter Jennie Lee; also $1,000 worth of stock at present invested in the Gibson Manufacturing Company of Concord, N. C.

In case my daughter Jennie Lee shall die leaving issue surviving her, then to such issue and their heirs forever; but if my said daughter Jennie Lee shall die without issue surviving her, then I desire said property to return to my eldest daughter, May Lee Schlesinger, and to my son, Harry Lee, to be equally divided between them, or to their heirs, share and share alike.

I bequeath my stock in the Commercial and Farmers Bank in Raleigh, N. C., to be equally divided between my daughter May Lee Schlesinger and my son Harry Lee.

I also bequeath the sum of $25, and this sum to be taken from the interest of said properties and to be paid over by my executor as he thinks best, to a colored man called John, who waited on my husband during his last illness.

I appoint Mr. Henry E. Litchford as my executor of this will, and with the power to change the investments if he thinks best for the interest of my children; also appoint Mr. Henry E. Litchford guardian of my daughter Jennie Lee.

My son Harry Lee is not to have control of his stock, only to spend the interest on it, until he is 35 years old, and then said stock is to be turned over to him, if he so desires it.

(Signed)      JENNIE L. LEE.      [SEAL]

Witnesses:
(Signed)      SIGMUND L. STRAUSS, Chicago, Ill.
(Signed)      HOWARD H. HITCHCOCK, Wilmette, Ill.

This will was duly admitted to probate and of record in Wake County, 13 April, 1906.

2. The plaintiff, Jennie Lee Rees, who has intermarried with A. S. Rees, is one of the devisees mentioned in said will, and said Harry Lee, also called Joseph Harry Lee, and May Lee Schlesinger, are the other devisees mentioned in said will.

3. The said Jennie Lee Rees and A. S. Rees have no issue now and never have had any. B. F. Schlesinger is the husband of May Lee Schlesinger, and Harry Lee is married, but he and his wife have separated and have lived separate and apart for some years.

4. The $25 bequeathed to John has been paid, and the stock in the Commercial and Farmers Bank of Raleigh has been sold and the proceeds divided under said will between Harry Lee and May Lee Schlesinger, said proceeds amounting to several thousand dollars.

5. The plaintiffs have agreed to sell the house and lot mentioned in said will on the corner of East and Jones streets in Raleigh, North Carolina, to the defendant, Mrs. Williams, for $7,500, which is a fair and adequate price for said lot; but the said defendant refuses to take the said property at said price, because she fears that a deed executed to her and her heirs in due form by all the plaintiffs is not sufficient to give her a fee-simple title. The said purchaser has been advised that there is doubt as to whether the said plaintiff, Jennie Lee Rees, has a fee simple, and whether she, together with Harry Lee and May Schlesinger and her husband, can convey a fee simple, and therefore defendant refuses to take said deed.

6. The plaintiffs have executed a deed to the said lot to the defendant, it being in due form and in fee simple, with the usual

covenants of warranty, and it has been deposited with the clerk for delivery when the said sum of $7,500 is paid, a copy being attached hereto, marked Exhibit "A," and prayed to be taken as a part hereof.

His Honor held that the deed of the plaintiffs was sufficient to convey a valid title, and rendered judgment in favor of the plaintiffs, and the defendant excepted and appealed.

*Winston & Biggs for plaintiffs.*
*Ernest Haywood for defendant.*

ALLEN, J. The determination of this appeal depends upon the construction of the will under which the plaintiffs claim, in which the land in controversy is devised to the plaintiff, Jennie Lee, now Rees, with the limitation that if she "shall die leaving issue surviving her, then to such issue and their heirs forever," but if she "shall die without issue surviving her," then the property "to return to my eldest daughter," etc.

Do the words "die leaving issue" and "die without issue" refer to the death of the devisee in the lifetime of the testatrix, or to the time when the devisee dies, whether before or after the testatrix? Did the testatrix intend to say, I give this property to my daughter; but if she dies before I do, leaving issue, I give it to them; and if she die before I do, without issue, I give it to my eldest daughter, etc.? or did she intend to give it to her, and if at her death she left issue, then to them, and if no issue, then to the eldest daughter?

The plaintiffs contend that the first is the correct construction, and that as the devisee has survived the testatrix, she is the owner of the property in fee.

The older authorities fully sustain the position of the plaintiffs, and a large number of them are collected and discussed in *Buchanan v. Buchanan,* 99 N. C., 311, where the reason for the rule is stated to be that as the limitation is upon an indefinite failure of issue, it is void for remoteness; but since the statute of 1827, now Revisal, sec. 1581, the rule is otherwise.

That statute provides that, "Every contingent limitation in any deed or will, made to depend upon the dying of any person

without heir or heirs of the body, or without issue or issues of the body, or without children, or offspring, or descendant, or other relative, shall be held and interpreted a limitation to take effect when such person shall die, not having such heir, or issue, or child, or offspring, or descendant, or other relative (as the case may be) living at the time of his death, or born to him within ten lunar months thereafter, unless the intention of such limitation be otherwise, and expressly and plainly declared in the face of the deed or will creating it: *Provided,* that the rule of construction contained in this section shall not extend to any deed or will made and executed before 15 January, 1828."

Following this statute, it has been held in several cases, as was said by *Justice Hoke* in *Harrell v. Hagan,* 147 N. C., 113, that "the event by which the interest of each is to be determined must be referred, not to the death of the devisor, but to that of the several takers of the estate in remainder, respectively, without leaving a lawful heir. *Kornegay v. Morris,* 122 N. C., 199; *Williams v. Lewis,* 100 N. C., 142; *Buchanan v. Buchanan,* 99 N. C., 308," and this language was approved in *Perrett v. Bird,* 152 N. C., 220, and *Smith v. Lumber Co.,* 155 N. C., 389.

It appears, therefore, to be established that since the act of 1827 it cannot be determined who will take under the limitation until the death of Jennie Lee Rees, and that if she should die leaving issue, they would be the owners of the property devised, and as they would not be bound by the deed tendered, it does not pass an indefeasible title.

If the defendant should accept the deed and Mrs. Rees should die leaving issue, the issue could defeat the deed and recover the land under the limitations in the will.

Reversed.