## THOMAS E. VINSON v. J. H. GARDNER.

(Filed 28 March, 1923.)

**Estates—Fee Tail—Statutes—Fee Simple—Contingent Remainders—Defeasible Fee.**

An estate to testator's daughter N. for life, and to the lawful heirs of her body, creates an estate tail converted by our statute into a fee simple; and a further limitation "and if she should die leaving no heirs, then the lands to return to the G. family," gives N. a fee defeasible upon her death without issue, children, etc., C. S., 1737, and on her death, leaving children surviving, they take an unconditional fee, and can make an absolute conveyance thereof.

CONTROVERSY without action, heard before *Allen, J.,* at November Term, 1922, of WAYNE.

It appears that plaintiff, having contracted to sell to defendant a certain tract of land in said county containing 108 acres, and to make to defendant a good title to same, seeks to recover purchase price. Defendant, admitting the contract, resists recovery on the ground only that plaintiff is not in a position to make a valid title. On the facts presented there was judgment for plaintiff, and defendant excepted and appealed.

*No counsel for plaintiff.*
*D. H. Bland for defendant.*

HOKE, J. The title offered depends upon the terms and meaning of a clause in the will of Edmund Grant, deceased, duly proven and recorded in the county of Wayne, said clause and the facts pertinent to its correct interpretation being set forth in the case agreed as follows:

"'I give and bequeath to my beloved wife, Sally Grant, and my beloved father, Daniel Grant, all of my real estate during both of their lives. I also give to them all my personal property of every description during their lives except one cow and calf and one sow and pigs—that cow and calf and sow and pigs I give to my nephew, Henry Sasser.

After the death of my wife and father, I loan to my daughter, Nancy K. Vinson, the real estate during her life and to the lawful heirs of her body, and if they should all die, leaving no heirs, then the real estate shall return to the Grant family.'

"That Daniel Grant, the father of Edmond Grant, to whom a life interest in said lands was devised under said will, died a few years after Edmond Grant; that Sallie Grant, the widow of Edmond Grant, died in the year 1913, and held possession of said lands up to the time of her death; that Nancy K. Vinson, mentioned in said will, was the wife of Ben Vinson, and was the only child of said Edmond Grant and Sallie Grant; Nancy K. Vinson died before her mother, Sallie Grant, and about the year 1879, leaving her surviving three children, to wit, Thomas E. Vinson, Sarah E. Vinson (now Sarah E. Gardner), and John A. Vinson, all of whom are more than 21 years of age, are married and have children; Ben Vinson, the husband of Nancy K. Vinson, died about 11 years ago.

"In 1905 Thomas.E. Vinson, the plaintiff in this action, acquired the interest of his sister, said Sarah E. Gardner, née Vinson, in the lands passing under this will by deed, which is of record in the office of the register of deeds for said Wayne County in Book 89, page 103.

"During the same year, 1905, the said Thomas E. Vinson and his brother, John A. Vinson, claiming then to be the sole owner of said lands, divided the same between them, both being then of full age, by executing deeds to each other, 79 acres being conveyed by said Thomas E. Vinson to John A. Vinson, and 108 acres being conveyed by said John A. Vinson to Thomas E. Vinson, by deeds dated .... October, 1905, and registered in Book 89, pages 403 and 404, respectively, and the respective grantees in said deeds have since been in possession of the respective portions of said lands. It is the 108 acres held by the said Thomas E. Vinson which he has contracted to convey to the defendant as above set forth."

Upon this statement we concur in the ruling of his Honor below that the title offered is a good one, and defendant must comply with his contract of purchase. The first takers of a life estate in the property, to wit, Sallie Grant and Daniel Grant, having died, the estate in question will properly depend on the latter part of the clause and the pertinent facts in reference thereto. "I loan to my daughter, Nancy K. Vinson, the real estate during her life, and to the lawful heirs of her body, and if they should all die leaving no heirs, then the real estate shall return to the Grant family." It will be noted that in the former part of this devise, the estate being to Nancy Vinson for life and the heirs of her body, an estate in fee tail is conferred upon Nancy Vinson, converted by our statute into a fee simple, and in our opinion by the latter portion

no estate in the property is conveyed directly to the heirs of Nancy, but they are only referred to in determining the event by which the estate given to Nancy shall become absolute, or shall return to the Grant family. *Hobgood v. Hobgood,* 169 N. C., 485-489. In other words, the entire devise by correct interpretation gives to Nancy a fee-simple estate, defeasible on her death without heirs of her body or lineal descendants. *Smith v. Lumber Co.,* 155 N. C., 389; *Rees v. Williams,* 164 N. C., 128; *Whitfield v. Garris,* 134 N. C., 24.

Under the former law the limitation over to "the Grant family" would be considered too remote and void under the rule against perpetuities. It was chiefly to prevent this that the Legislature passed the act of 1917, C. S., 1737, which provides: "That every contingent limitation in any deed or will made to depend upon a dying of any person without heir or heirs of the body, or without issue or issues of the body, or without children or offspring or descendant or other relative, shall be held and interpreted a limitation to take effect when such person dies not having such heir or issue or child or offspring or descendant or other relative living at the time of his death or within ten lunar months thereafter, unless the intention of such limitation be otherwise expressly and plainly declared on the face of the deed or will creating it."

Speaking to the effect of this statute in *Bell v. Keesler,* 175 N. C., at page 525, the Court said: "It was enacted for the primary purpose of making such ulterior limitations good by fixing a definite time when the estate of the first taker shall become absolute, and it is also held to establish a rule of interpretation by which the estate of the first taker shall be affected with the contingency till the time of his death unless a contrary intent clearly and plainly appears on the face of the instrument."

Under a proper application of these principles the estate of Nancy K. Vinson became absolute on her death leaving three living children, her descendants and heirs at law, and plaintiff having acquired by descent from her and by deeds from the other heirs, the interest bargained for in this contract can convey a good title, entirely freed from the ulterior and contingent limitation to the Grant family contained in the will. *Patterson v. McCormick,* 177 N. C., 448.

There is no error, and the judgment will be

Affirmed.