JOSEPH DUPREE v. JOHN C. DAUGHTRIDGE.

(Filed 17 September, 1924.)

**Wills—Devise—Estates — Contingent Remainders—Title—Vested Interests—Statutes.**

Where the testatrix devises absolutely her undivided land to her two sons, and by codicil devises to each a certain part thereof, that portion designated as lot No. 1 to one of them, and lot No. 2 to the other, with further provision, should either of them die leaving a child or children, said child or children shall be entitled to his or her parent's part: *Held*, the title to the lands vested in the son living at the time of the death of the testatrix, and was not postponed to await the uncertain event of the death of the son without leaving child or issue.

CONTROVERSY without action. Plaintiff appealed from a judgment of *Bond, J.,* rendered at June Term, 1924, of EDGECOMBE.

Harriet L. Dupree, mother of the plaintiff, died, leaving her last will and testament, as follows:

"I, Harriet Louisa Dupree, of the county of Edgecombe and State of North Carolina, being of sound mind and memory, but considering the uncertainty of my earthly existence, do make this my last will and testament, in manner and form following:

"First. That my executor (hereinafter named) shall provide for my body a decent burial, suitable to the wishes of relatives and friends, and pay all funeral expenses, together with my just debts, however and to whomsoever owing, out of the moneys that may first come into his hands as a part or parcel of my estate.

"I give, devise and bequeath unto my beloved sons, Joseph Lewis Dupree and Benjamin Franklin Dupree, their heirs and assigns forever, all my property, real, personal and mixed, of whatever nature or kind so ever and wheresoever the same shall be at the time of my death.

"And I do nominate, constitute and appoint my beloved son, Joseph Lewis Dupree, sole executor of this my last will and testament, hereby revoking and making void all and every other will or wills at any time heretofore made by me, and do declare this my last will and testament.

"In witness whereof, I, the said Harriet Louisa Dupree, have hereunto set my hand, this 20 January, 1906.          H. L. DUPREE."

She also made the following codicil:

"I, Harriet L. Dupree, of Edgecombe County, North Carolina, make this codicil to my last will and testament written by me and dated the 20th day of January, 1906, which I now ratify and confirm except as the same shall be changed hereby.

"Whereas in my will I nominated and appointed my son, Joseph L. Dupree, my sole executor of entire estate, it is my will and desire that he shall execute all provisions and trusts of my will and codicil which it may be necessary for him to execute after my death.

"And whereas by my said will above mentioned I directed that after my death all my estate real, personal and mixed be divided among my children, share and share alike, and whereas on the 1st day of December, 1911, I had all the lands that it is my will and desire to devise surveyed, a copy of which survey is hereto attached and made a part of this codicil, I give and devise said land as follows:

"Lot No. 1 I give and devise to Benjamin F. Dupree.

"Lot No. 2 I give and devise to Joseph L. Dupree.

"The title to this property shall not pass to my children until after my death.

"I strike out the $100 for to be paid to my son Joseph L. Dupree. Should any of my children die leaving a child or children, said child or children shall be entitled to his or her parent's lot.

"It is my will and desire that after my executor (Joseph L. Dupree) shall divide equally between him and his brother Benjamin F. Dupree, all of my household property.

"After my death it is my will and desire that all my property, real, personal and mixed, of whatever nature or kind whatsoever, or wherever found, save and except what I have herein devised and bequeathed, be sold at public auction to the highest bidder, and the proceeds divided equally among my children or the descendants or such children as may then be living.

"In witness whereof I have hereunto set my hand and seal, this the 6th day of December, 1911.　　　　HARRIET L. DUPREE.　(Seal)"

After the death of the testatrix the will was duly probated and recorded.

On or about 1 January, 1924, the plaintiff and the defendant entered into a contract whereby the plaintiff agreed to convey and the defendant agreed to buy lot No. 2 at the price of $15,000; and thereafter according to the contract the plaintiff tendered to the defendant a deed for the land, which the defendant declined to accept on the ground that the plaintiff could not convey an unencumbered title in fee simple.

Joseph L. Dupree has no children.

His Honor adjudged that the plaintiff is not the owner of an indefeasible title to the land devised to him by the testatrix, and that he pay the cost of the action. The plaintiff appealed.

*Battle & Winslow for appellant.*

ADAMS, J. At common law a limitation contingent upon the death of a grantee or devisee without issue was held to embrace an indefinite failure of issue and for this reason to be void. *Brown v. Brown,* 25 N. C., 134; *Buchanan v. Buchanan,* 99 N. C., 308, 311. In *Patterson v. McCormick,* 177 N. C., 448, it is said: "In the application of this principle and in order to avoid as far as possible defeating the intent of the grantor or testator, if there was in any deed or will an intermediate period, such as the termination of the life estate, a period fixed for division, arrival at full age or the like, the courts held that 'dying without issue' was referable to this intermediate period. This was the rule laid down in *Hilliard v. Kearney,* 45 N. C., 221. . . . The statute

of 1827 changed the principle making the limitation dying without issue void for remoteness and abrogated the rule of construction which applied it to an intermediate period. This statute applied to all limitations contingent upon dying without issue, and is not restricted to those where there is no intermediate estate." Its provisions are as follows: "Every contingent limitation in any deed or will, made to depend upon the dying of any person without heir or heirs of the body or without issue or issues of the body, or without children, or offspring, or descendant, or other relative, shall be held and interpreted a limitation to take effect when such person dies not having such heir, or issue, or child, or offspring, or descendant, or other relative (as the case may be) living at the time of his death, or born to him within ten lunar months thereafter, unless the intention of such limitation be otherwise, and expressly and plainly declared in the face of the deed or will creating it: *Provided,* that the rule of construction contained in this section shall not extend to any deed or will made and executed before the fifteenth of January, one thousand eight hundred and twenty-eight." C. S., 1737.

The testatrix did not create a limitation contingent upon the death of Joseph L. Dupree without issue, but gave him lot No. 2, providing in the codicil that if he died leaving a child or children, said child or children should be entitled to his lot. The devise is therefore governed by the decision in *Goode v. Hearne,* 180 N. C., 475. There the will contained this item: "I give and devise in fee simple to my two daughters, Mamie G. Morris and Agnes Hearne, and to my daughter-in-law, Mamie W. Goode, the wife of George W. Goode, share and share alike, all my real estate wherever situated, and it is my will that the children of my daughter-in-law, Mamie W. Goode, by her husband, George W. Goode, shall, in the event of their mother's death, inherit her share of the estate."

The Court held that the devise did not come within the purport and meaning of section 1737, *supra,* and that the mother's estate became absolute at the testator's death. No time was fixed when the contingency should occur and the death of the testator was adopted in accordance with the principle stated in *Bank v. Murry,* 175 N. C., 65: "Subject to the position that the intent and purpose of the testator, as expressed in his will, shall always prevail, except when the same is in violation of law, it is a recognized rule of interpretation with us that when an estate by will is limited over on a contingency and no time is fixed for the contingency to occur, the time of the testator's death will be adopted, unless it appears from the terms of the will that some intervening time is indicated between such death and that of the first taker. *Bank v. Johnson,* 168 N. C., 304; *Dunn v. Hines,* 164 N. C., 113;

*Galloway v. Carter,* 100 N. C., 111; *Price v. Johnston,* 90 N. C., 593; *Vass v. Freeman,* 56 N. C., 221; *Cox v. Hall,* 17 N. C., 121."

Joseph L. Dupree survived the testatrix and has no child. His estate became absolute under the terms of the will at the time of her death. This conclusion, we think, is supported by the decisions of the Court and fortified by the obvious intention of the testatrix as manifested both in the will and the codicil to vest in the first taker a fee-simple title to lot No. 2 at her death, and to provide that if he died in her lifetime his surviving child or children should "be entitled to his or her parent's lot."

In our opinion the plaintiff has an indefeasible title in fee to the lot in question and the defendant has no right to refuse acceptance of the deed on the ground of the alleged defect.

The judgment is

Reversed.