W. E. MATTHEWS AND D. B. MATTHEWS v. ROSCOE MATTHEWS
(MINOR) AND PLANTERS NATIONAL BANK & TRUST COMPANY,
GUARDIAN OF ROSCOE MATTHEWS (MINOR).

(Filed 28 September, 1938.)

**1. Wills § 33b—Rule for application of rule in Shelley's case.**

Ordinarily, the rule in *Shelley's case* applies when the term "heirs" or
"heirs of his body" is used in its technical sense of heirs *qua* heirs as an
entire class or denomination of persons and not merely as *descriptio
personarum* of individuals embraced within that class.

**2. Wills § 34—**

The term "bodily heirs" when used as *descriptio personarum* is broader
than the term "children," and means lineal descendants, including grand-
children and other lineal descendants.

**3. Same—First taker's grandchild held entitled to share in estate under
this devise.**

Testator devised the lands in question to his son for the term of his
natural life and after his death to his "bodily heirs, if any survive him,
and should he die without issue, I will and desire that said land revert
back to my heirs at law." Testator's son died leaving him surviving two
children and a child of a deceased child. *Held:* If the devise conveyed a
defeasible fee to testator's son under the rule in *Shelley's case*, then the
contingency upon which the fee was to be defeated did not happen, and
the devisee's grandchild is entitled to one-third thereof as a representa-
tive of her parent, or if the devise created a life estate only in the first
taker, then the terms of the limitation over are sufficiently broad to
include the first taker's grandchild as his lineal descendant, and she is
entitled to a one-third interest therein with her uncles, sons of the first
taker.

APPEAL by plaintiffs from *Bone, J.,* in Chambers, 15 July, 1938.
From NASH. Affirmed.

This is a special proceedings for the partition of land, in which the
plaintiffs allege tenancy in common with the defendant as to four tracts
of land described in the petition, and assert sole ownership in the first
tract therein described. The defendant, answering, alleges that he is the
owner of one-third interest as tenant in common with the plaintiffs of
the first tract, as well as of the other four tracts.

An issue of fact having been raised, the cause was transferred to the
civil issue docket and heard by consent by Bone, J.

The controversy involves an interpretation of the fifth paragraph
of the will of John G. Matthews, which reads as follows:

"Fifth: I loan to my son, Jno. W. T. Matthews, one hundred and
seventy-eight acres of land on which he now resides during his natural
life and after his death I give and devise said lands to his bodily heirs,
if any survive him, and should he die without issue, I will and desire

that said land revert back to my heirs at law. For a more particular description of said lands see deeds from V. B. Batchelor and wife to myself, registered in the Register's office of Nash County in Book 59, page 131, and deed from Simon Jones to myself, registered in said office."

The devisee therein named, upon the death of the testator, took possession of said tract of land and held the same until his death in March, 1937. The devisee, John W. T. Matthews, had six children, two of whom died in infancy or early childhood, one of whom died without issue in the year 1924, and another one of whom, to wit: Roscoe D. Matthews, died in the year 1918, leaving him surviving the defendant in this proceeding. He likewise left surviving two children, the plaintiffs herein. The court below adjudged that the defendant Roscoe Matthews is the owner in fee of a one-third undivided interest in the 178-acre tract of land described in paragraph one of the petition. The plaintiffs excepted and appealed.

*I. T. Valentine for plaintiffs, appellants.*
*Wilkinson & King for defendant, appellee.*

BARNHILL, J. The difficulty the courts have encountered in applying the rule in *Shelley's case* does not arise out of any complexity in the rule itself. The application of the rule to particular facts presented is what has called forth much discussion in many decisions and which has caused such confusion as may exist in the minds of the legal profession in determining just when the rule applies. Generally speaking, the rule applies and a fee is conveyed when "heirs" or "heirs of the body" are used in their technical sense and carry the estate to the entire line of heirs to hold as inheritors under our canons of descent. For a devise of land to come within the meaning of the rule in *Shelley's case* the subsequent estate must be limited to the heirs *qua* heirs of the first taker, or to the heirs or heirs of the body as an entire class or denomination of persons, and not merely to individuals embraced within that class. The rule does not apply when such terms are used as *descriptio personarum*. Interesting discussions of the subject are contained in *Price v. Griffin*, 150 N. C., 523, 64 S. E., 372; *Puckett v. Morgan*, 158 N. C., 344, 74 S. E., 15; *Pugh v. Allen*, 179 N. C., 307, 102 S. E., 394; *Wallace v. Wallace*, 181 N. C., 158, 106 S. E., 501; *Benton v. Baucom*, 192 N. C., 630.

In deciding the question here presented it is unnecessary for us to enter into any discussion of the rule in *Shelley's case*, or to determine whether the term "bodily heirs" was used to indicate an entire class or denomination of persons, or to merely embrace individuals within that class. Whether the devise to John W. T. Matthews in the fifth paragraph of the testator's will vests the devisee with a fee simple estate

defeasible upon his death without issue, or a life estate, is now immaterial. In either event, the result is the same. It is to be noted, however, that the testator uses the words "bodily heirs" and "issue" interchangeably as synonymous terms.

If the first taker by said devise acquired a defeasible fee in the lands described, then upon the admitted facts he died with issue surviving, so that the contingency upon which the fee was to be defeated did not happen. Defendant, a grandchild, is an heir and shares equally as a representative of her father, son of the first taker, with the plaintiffs. If John W. T. Matthews, the first taker under said devise, acquired only a life estate under the terms thereof, then the language of the limitation over is sufficiently broad to require the inclusion of the defendant and she would take a one-third interest in said land.

The term "bodily heirs" as used in this devise is more comprehensive than the term children, and means progeny or issue, and includes children, grandchildren and other lineal descendants. It is true that in some of the cases in which this term is interpreted when used as *descriptio personarum,* it is said that it means children. However, an examination of those cases will disclose that only children were concerned and no grandchildren were involved. It clearly appears that the term is here used as indicating issue or lineal descendants.

The testator indicated his intent to be that if his son John W. T. Matthews should die without lineal descendant, or issue, to whom the title could pass, then such title should revert to the testator's heirs at law.

We concur in the opinion of the court below that the defendant is the owner of one-third interest in the tract of land first described in the petition as a tenant in common with the plaintiffs.

Affirmed.