JAMES H. TURPIN, ELLEN BROWN, IDA BROOKS, LOTTIE BRAMLETT, FANNIE SORRELLS, A. R. MESSER, DOCK MESSER, EMELINE M. TURPIN, COLE MESSER, J. C. GIBSON, JIM MESSER AND ALICE SNYDER v. MRS. M. Y. JARRETT AND M. Y. JARRETT.

(Filed 27 February, 1946.)

**1. Deeds § 13b—**

A provision following the warranty clause in a deed that if the grantee "should die without issue after her death" the land should descend to her brothers and sisters, precludes the application of the rule in *Shelley's case,* even though the *habendum* is to the grantee and "her bodily heirs."

**2. Deeds § 13a—**

Where a conveyance is to the grantee with limitation over in the event she should die without issue after her death, to determine the effectiveness of the limitation over the roll must be called as of the date of the death of the first taker. G. S., 41-4.

**3. Same—**

"Bodily heirs," when used as *descriptio personarum,* and "issue" are synonymous terms connoting and embracing children, grandchildren, and other lineal descendants.

**4. Same—**

The deed in question conveyed the property to the grantee with provision that should she die "without issue after her death" the lands should descend to the grantee's brothers and sisters. The grantee's sole child predeceased her but left children who survived grantee. *Held:* The grantee took a base or qualified fee, defeasible upon her death without "issue," which term embraces lineal descendants, and therefore upon the death of the grantee leaving grandchildren her surviving the fee became absolute, defeating the limitation over, and her conveyance of the property during her lifetime is binding upon her heirs.

APPEAL by plaintiffs from *Rousseau, J.,* at October Term, 1945, of JACKSON.

Civil action in ejectment and to remove cloud on title.

The case was heard on facts agreed which are in substance as follows:

On 29 June, 1885, John Messer and wife conveyed a tract of land in Jackson County to Jane Messer. The granting clause contains no words which undertake to limit or define the estate conveyed, but the *habendum* clause is "to the said Jane Messer and her bodily heirs," and immediately following the warranty clause there was inserted the following: "PROVIDED, however, that if the said Jane Messer should die without issue after her death the lands mentioned in this deed is to descend to her brothers and sisters and this is to be her full share of our estate." The grantors reserved a life estate. John Messer and wife each died prior to

21 March, 1911. There was born to Jane Messer one son, Charlie Messer, who predeceased her but left surviving him a widow and five or six children who are grandchildren and great-grandchildren of Jane Messer. On 21 March, 1911, Jane Messer conveyed to Mrs. M. Y. Jarrett, one of the defendants, the *locus in quo,* a part of the tract described in the John Messer deed, and she has been in the sole possession thereof since that date. Jane Messer died 14 February, 1941.

While not so stipulated, it is treated as a fact that the plaintiffs are the persons named in the limitation over.

The plaintiffs allege that they are the owners of the property and the claim of the defendant Mrs. Jarrett casts a cloud upon their title. They pray judgment that they are the owners of the property described in the complaint, free and clear of any claim of defendants.

The parties waived trial by jury and submitted the cause on the facts agreed. Thereupon the court adjudged that the defendant Mrs. M. Y. Jarrett is the owner and entitled to possession of the property in controversy, free and clear of any claim of plaintiffs. Plaintiffs excepted and appealed.

*M. V. Higdon and R. L. Phillips for plaintiffs, appellants.*

*Hugh E. Monteith, E. P. Stillwell, and Dan K. Moore for defendants, appellees.*

BARNHILL, J. On this record the rule in *Shelley's case* is not controlling. *Matthews v. Matthews,* 214 N. C., 204, 198 S. E., 663; *Williamson v. Cox,* 218 N. C., 177, 10 S. E. (2d), 662; *Paul v. Paul,* 199 N. C., 522, 154 S. E., 825; *Willis v. Trust Co.,* 183 N. C., 267, 111 S. E., 163; *Ford v. McBrayer,* 171 N. C., 420, 88 S. E., 736; *Dawson v. Ennett,* 151 N. C., 543, 66 S. E., 566; *Harrell v. Hagan,* 147 N. C., 111; *Hampton v. Griggs,* 184 N. C., 13, 113 S. E., 501.

The deed to Jane Messer conveyed a base or qualified fee, defeasible upon her death without "bodily heirs" or "issue," upon the happening of which event plaintiffs would become seized and possessed of the title under the limitation over. *Smith v. Lumber Co.,* 155 N. C., 389, 71 S. E., 445; *Hutchinson v. Lucas,* 181 N. C., 53, 106 S. E., 150; *Thompson v. Humphrey,* 179 N. C., 44, 101 S. E., 738; *Willis v. Trust Co., supra; James v. Griffin,* 192 N. C., 285, 134 S. E., 849; *West v. Murphy,* 197 N. C., 488, 149 S. E., 731.

To determine the effectiveness of the limitation over the roll must be called as of the date of the death of the first taker. It is so declared by statute. Ch. 7, Public Laws 1827, now G. S., 41-4; *Patterson v. McCormick,* 177 N. C., 448, 99 S. E., 401 (citing 26 prior decisions); *Perrett v. Bird,* 152 N. C., 220, 67 S. E., 507; *Smith v. Lumber Co., supra;*

*Rees v. Williams,* 164 N. C., 128, 80 S. .E., 247; *Willis v. Trust Co., supra; Vinson v. Gardner,* 185 N. C., 193, 116 S. E., 412; *Dupree v. Daughtridge,* 188 N. C., 193, 124 S. E., 148; *Yarn Co. v. Dewstoe,* 192 N. C., 121, 133 S. E., 407; *Massengill v. Abell,* 192 N. C., 240, 134 S. E., 641; *Henderson v. Power Co.,* 200 N. C., 443, 157 S. E., 425; *Hudson v. Hudson,* 208 N. C., 338, 180 S. E., 597; *Moseley v. Knott,* 212 N. C., 651, 194 S. E., 100; *Thames v. Goode,* 217 N.. C., 639, 9 S. E. (2d), 485.

So then we come to the primary question posed by this appeal: Do the terms "bodily heirs" and "issue" as used in the deed include lineal descendants other than children? Our decisions answer in the affirmative.

"Bodily heirs," when used as *descriptio personarum,* and "issue" are synonymous terms connoting and embracing children, grandchildren, and other lineal descendants. *Matthews v. Matthews, supra; Harrell v. Hagan, supra; Bowden v. Lynch,* 173 N. C., 203, 91 S. E., 957; *Albright v. Albright,* 172 N. C., 351, 90 S. E., 303; *Pugh v. Allen,* 179 N. C., 307, 102 S. E., 394; *Willis v. Trust Co., supra; Hampton v. Griggs, supra; Moseley v. Knott, supra; Brown v. Holland,* 221 N. C., 135, 19 S. E. (2d), 255; *Elledge v. Parrish,* 224 N. C., 397. For cases in other jurisdictions see 22 Words and Phrases, 742, *el seq.* See also 5 Words and Phrases, 583, *et seq.*

Discussing the question in *Matthews v. Matthews, supra,* we said:

"The term 'bodily heirs' . . . is more comprehensive than the term children, and means progeny or issue, and includes children, grandchildren and other lineal descendants. It is true that in some of the cases in which this term is interpreted when used as *descriptio personarum,* it is said that it means children. However, an examination of those cases will disclose that only children were concerned and no grandchildren were involved."

The court below, it is true, held that upon the birth of Charlie Messer the condition in the deed was fulfilled and, *non constat* he predeceased Jane Messer, she thereupon became seized in fee absolute, but this was harmless error. She left surviving grandchildren. Hence the event—death without issue—upon the happening of which plaintiffs were to take, never occurred. Thus they possess no interest in or claim to the property in controversy.

The conclusion that the grantors intended to convey a fee, defeasible only upon death without lineal descendant, is fortified by the circumstances of the conveyance as disclosed by the language in the deed. The consideration was love and affection. The property was conveyed as an advancement in satisfaction of the grantee's interest in the estate of her parents. It was to descend to the other children of grantors only in the

event the grantee died without issue. Thus they wrote into the deed just what the law provides.

No reason is apparent why the grantors should cut the succession in the interest of other children and deprive the grandchildren of Jane Messer of the privilege of transmitting the inheritance. On the contrary, it clearly appears that they intended that title to the property should remain in Jane Messer's line of descent in the event there was anyone in that line to take at her death.

As her title, at her death, ripened into a fee absolute and her deed is binding upon her heirs, *Thames v. Goode, supra; Woody v. Cates,* 213 N. C., 792, 197 S. E., 561, the defendants, on their affirmative plea, were entitled to a decree that they are now the owners of the *locus* free of any claim of plaintiff. The court below so held.

The judgment is

Affirmed.