JOHN CONRAD AND NINA B. CONRAD, PLAINTIFFS, v. JACOB L. GOSS, DEFENDANT; AND MRS. A. L. DISHER, NEE MAGGIE B. GOSS; GROVER C. MYERS, SR., AND W. J. BRYAN.

(Filed 21 May, 1947.)

1. Wills § 31—

A will is to be construed from its four corners and effect be given to every part thereof in order to ascertain and carry out the intention of the testatrix as therein expressed.

2. Wills § 33c—

The will in suit devised the property in controversy to testatrix' son with the added provision that should he die without "heirs" the property should go to testatrix' daughter. *Held:* The word "heirs" means children or issue, and under the devise the testatrix' son takes a fee defeasible upon his dying without issue him surviving, and the roll must be called at the date of his death to determine the effectiveness of the limitation over.

APPEAL by defendant Jacob L. Goss from *Rousseau, J.,* at February Term, 1947, of DAVIDSON. Reversed.

Plaintiffs, judgment creditors, filed exceptions to the report of the appraisers in the allotment of the homestead of Jacob L. Goss, on the ground that the judgment debtor's title to the property was fee simple, rather than a lesser estate as found by the appraisers, and that the value of the property over and above the homestead was sufficient to satisfy plaintiffs' debt.

Jury trial was waived and the court found the facts, and adjudged that Jacob L. Goss was owner of the property in fee simple, and ordered re-appraisement of the property in accord with that ruling.

Defendants excepted and appealed.

*Don A. Walser and Charles W. Mauze for plaintiffs.*
*J. T. Jackson for defendants.*

DEVIN, J. The title of defendant Jacob L. Goss, which is here brought in question, was derived under the will of Addie M. Goss, wherein she devised to him all her property, with the added provision, "But should my son Jacob L. Goss die without heirs, I want the property to go to my daughter Maggie B. Goss," with further limitation over,

CONRAD *v.* GOSS.

in case Maggie B. Goss should die without "heirs," to the brothers of the testatrix.

It is obvious that by the use of the word "heirs" in the will the testatrix meant children or issue. The plaintiffs so concede. While in the first part of the will the language is sufficient to convey to defendant Goss a fee simple, we must examine the entire instrument, "taking it by its four corners," and give effect to every part thereof in order to ascertain and carry out the intention of the testatrix as therein expressed. *Heyer v. Bulluck,* 210 N. C., 321, 186 S. E., 356; *Patterson v. McCormick,* 181 N. C., 311, 107 S. E., 12. Applying this rule of construction, it is apparent that the estate devised is made defeasible in the event Jacob L. Goss should die without issue him surviving, with limitation over to Maggie B. Goss. It is provided by statute (G. S., 41-4) that a limitation made to depend upon the dying of any person without heirs or issue shall be interpreted to take effect when such person dies without such issue living at the time of his death. And the decisions of this Court have uniformly given effect to the rule set out in this declaratory statute. *Turpin v. Jarrett,* 226 N. C., 135, 37 S. E. (2d), 124; *Williamson v. Cox,* 218 N. C., 177, 10 S. E. (2d), 662; *Hudson v. Hudson,* 208 N. C., 338, 180 S. E., 597; *Massengill v. Abell,* 192 N. C., 240, 134 S. E., 641; *Pugh v. Allen,* 179 N. C., 307, 102 S. E., 394; *Jones v. Whichard,* 163 N. C., 241, 79 S. E., 503; *Rollins v. Keel,* 115 N. C., 68, 20 S. E., 209; *Smith v. Brisson,* 90 N. C., 284. It was said in *Turpin v. Jarrett, supra,* "To determine the effectiveness of the limitation over the roll must be called as of the date of the death of the first taker."

In the case at bar the identity of the ultimate taker is to be determined at the death of Jacob L. Goss. At that time the roll is to be called. Until then his title is subject to be defeated in the event of his dying without issue. Hence he took only a defeasible fee.

The plaintiffs cite in support of the holding below *Westfeldt v. Reynolds,* 191 N. C., 802, 133 S. E., 168. From an examination of that decision, however, it is apparent that the court's ruling was based upon the peculiar circumstances of that case, in order to effectuate the intention of the testatrix to provide equality in the estates of her two daughters who were the primary objects of her bounty.

For the reasons stated we think there was error in the ruling below, and the judgment is

Reversed.