WACHOVIA BANK & TRUST COMPANY, EXECUTOR AND TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF DUNCAN CAMERON WADDELL, JR., DECEASED, v. VAUGHN A. WADDELL, WIDOW, MARY WADDELL JORDAN, WIDOW, KATE WADDELL, UNMARRIED, FRANCIS C. JORDAN, MARY JORDAN, UNMARRIED, JANET JORDAN, UNMARRIED, BETTY JORDAN JACOBS AND HER HUSBAND, R. L. JACOBS, THORNTON JORDAN, A MINOR, RALPH LEE, STEPHEN R. ADAMS AND THE UNIVERSITY OF NORTH CAROLINA.

(Filed 7 June, 1951.)

1. **Wills § 33c—**

Where there is a devise in trust to testator's nephew and niece, with limitation over to their "bodily heirs" surviving upon the death of the last surviving life beneficiary, the roll must be called as of the date of the death of the last surviving life beneficiary, G.S. 41-4, and the persons who can answer the roll as of that date take as devisees under the will and not by representation.

2. **Wills § 34c—**

Upon a devise in trust with direction that the trustee pay the income to testator's sister for life and then pay the income to his named nephew and niece, with further provision that upon the death of the survivor of the life beneficiaries the fund should be distributed *per capita* among the "bodily heirs" of the said nephew and niece then surviving, *held*, the term "bodily heirs" is used as *descriptio personarum* and embraces children, grandchildren and other lineal descendants who must be represented in order to be bound by a decree involving the estate.

3. **Wills § 39: Taxation § 28—**

Liability for inheritance taxes must be decided in the first instance by the State and Federal collectors, subject to the right of review provided

by law, and therefore where neither collector is a party to an action to obtain the advice and instruction of the court in respect to the adminis-tration of the estate, the question of liability for inheritance taxes cannot be determined therein.

APPEAL by plaintiff from *Nettles, J.,* at Chambers, 26 April 1951, BUNCOMBE.

The plaintiff instituted this proceeding to obtain the advice and instruc-tion of the court in respect of certain questions which have arisen in the administration of the estate of its testator.

Duncan Cameron Waddell, Jr., died seized and possessed of a large estate. After making certain specific devises, he disposed of the residue of his estate as follows:

"ITEM ELEVEN: I give, devise and bequeath (⅓) one-third of all the rest and remainder of my estate, real and personal in kind, absolutely, to my wife, Vaughn Andrews Waddell.

"ITEM TWELVE: I give, devise and bequeath (⅓) one-third of the rest, residue and remainder of my estate to the Wachovia Bank & Trust Company as Trustees for the following uses, purposes and trusts, to-wit: My Trustee is to pay all necessary expenses incident to the management and handling of same, including taxes. The net income received by said Trustee after all expenses and taxes are defrayed, but from which no deduction for depreciation is to be made, is to be paid to my sister, Mary W. Jordan, formerly of Greensboro, N. C., now residing in Los Angeles, California, for and during the term of her life; and after her death the same shall be paid to my nephew, Francis C. Jordan and my niece Mary Jordan, share and share alike for and during the term of their lives; upon the death of either, this income shall be paid to the survivor during his or her life and upon his or her death (the remaining one), this trust shall terminate and the trust estate shall be divided per capita among the bodily heirs of my said nephew and niece then surviving, and if none, then to the University of North Carolina."

ITEM THIRTEEN: In this section he devised the remaining one-third to the same trustee in language identical with that contained in ITEM TWELVE except that the income is to be paid to his sister Kate Waddell for and during her natural life, that is, in ITEM TWELVE the primary object of his bounty is his sister Mary W. Jordan and in ITEM THIRTEEN it is his sister Kate Waddell.

The widow dissented. The parties have agreed, subject to the approval of the court, to convey certain real property to the widow in fee in settle-ment of her claims for dower and a year's allowance. One object of the proceeding is to obtain authority to perfect this proposed settlement.

Mary W. Jordan and Kate Waddell are 75 and 73 years of age respectively. Mary Jordan, now 49 years of age, has never married. Francis C. Jordan, named in ITEM TWELVE and ITEM THIRTEEN of the will, has four children now living and one grandchild, Lynn Barnard Jacobs, born 29 August 1950.

On 23 March 1951, a guardian *ad litem* was appointed for Thornton Jordan, infant son of Francis C. Jordan, and for the bodily heirs of Francis C. Jordan and Mary Jordan not now *in esse*. Lynn Barnard Jacobs, grandson of Francis C. Jordan, has never been made a party to this proceeding and is not represented by a guardian *ad litem*.

The court below adjudged that upon the termination of the trust created by the will, the trust property shall go to the children of Francis C. Jordan and Mary Jordan then living; if there are no children, then to the University of North Carolina; "and Lynn Barnard Jacobs, son of defendants Betty Jordan Jacobs and R. L. Jacobs, does not now and cannot ever have any interest in the property or estate of Duncan Cameron Waddell, Jr., as beneficiary under his said will, and, therefore, is not a necessary or proper party to this action." The judgment contains other adjudications and directions not material at this stage of the proceeding. Plaintiff excepted and appealed.

*Francis J. Heazel for plaintiff appellant.*

*Kingsland Van Winkle, guardian ad litem for Thornton Jordan and all the bodily heirs of Francis C. Jordan and Mary Jordan not in esse.*

*Tench C. Coxe, Jr., and Adams & Adams for Ralph E. Lee and Stephen R. Adams.*

*John Y. Jordan, Jr., for Mary W. Jordan, Francis C. Jordan, Mary Jordan, Janet Jordan, and Betty Jordan Jacobs and husband, R. L. Jacobs.*

*Woodson & Woodson for Vaughn A. Waddell.*

*Andrew Joyner, Jr., for Kate Waddell.*

BARNHILL, J. The judgment of the court below attempts to preclude the infant grandson of Francis C. Jordan, without notice and without a hearing. If, in fact, said infant "does not now and cannot ever have" any interest in the trust property, no harm is done by the decree. But such is not the case. The only disposition of the trust estate, at the termination of the trust, is contained in the direction that the property be then divided among the bodily heirs of testator's nephew and niece, then surviving. To ascertain who are the ultimate takers, the roll must be called as of the day of the death of the last surviving life beneficiary. G.S. 41-4; *Turpin v. Jarrett,* 226 N.C. 135, 37 S.E. 2d 124;

*Conrad v. Goss,* 227 N.C. 470, 42 S.E. 2d 609; *House v. House,* 231 N.C. 218, 56 S.E. 2d 695. Title vests in the ultimate takers at that time. *Carter v. Kempton,* 233 N.C. 1.

The term "bodily heirs," when used as *descriptio personarum,* as here, means issue and embraces children, grandchildren, and other lineal descendants. *Matthews v. Matthews,* 214 N.C. 204, 198 S.E. 663; *Turpin v. Jarrett, supra,* and cases cited.

So then, the Jacobs infant is one of those who may take under the limitation over. Indeed, it is in the realm of possibility that he may be the one and only person capable of answering when the roll is called. Any decree entered herein at this time is not binding on him. Therefore, the title of the widow to the property to be conveyed to her under the agreement would remain in doubt during the continuance of the trust and eventually might be defeated by the superior right of the ultimate taker.

If, at the time of the division, the Jacobs infant is entitled to answer the roll call, he will take his share of the estate in his own right as a devisee under the will and not by representation. No living person in his class is a party to this proceeding. Therefore, we may not hold that he is bound by the decree herein under the doctrine of class representation. He must be made a party defendant and given an opportunity to be heard through a duly appointed guardian *ad litem.* To that end the cause must be remanded.

There is, however, one question posed which we may as well consider and dispose of at this time. In its petition the plaintiff seeks a judicial answer to this question: "(f) Shall plaintiff as Executor report for Federal Estate of (*sic*) North Carolina Inheritance taxes the United States Treasury Bonds and the annuity insurance policies referred to in paragraph 22 above?"

The bonds referred to are U. S. Treasury Series E, F, and G Bonds and the annuity policies are annuity policies in which the widow is named as beneficiary entitled to the amounts payable thereunder after the death of her husband. The court below directed:

"L. That plaintiff shall report as a part of the taxable estate of Duncan Cameron Waddell, Jr., deceased, for the purpose of determining the amount of Federal Estate Tax and North Carolina Inheritance Taxes payable, the value of United States Treasury bonds and annuity insurance policies referred to and described in Paragraph 20 (22) of the complaint, the value of the 160 shares of stock of Waddell, Sluder, Adams & Company, given to defendant Stephen R. Adams as set forth in Paragraph J, hereinabove of this judgment, and the value of all of the real and personal property included in the estate of said Duncan Cameron Waddell, Jr."

The Collector of Internal Revenue for the Federal Government and the North Carolina Commissioner of Revenue for the State are the officials who must decide what assets are to be reported for Federal Estate Tax and State Inheritance Tax respectively, subject to the right of review provided by law. Neither is a party to this proceeding and therefore neither is bound by the decree herein. If the plaintiff is not satisfied with the rulings of the proper taxing authorities, it may, after exhausting all other statutory remedies, appeal to the court for relief. But the court, in the meantime, will not act as its advisory counsel in respect of these questions which must, in the first instance, be presented to and decided by governmental administrative agents. The order entered, in this respect, was premature.

The cause must be remanded for further proceedings accordant with this opinion.

Error and remanded.