THOMAS W. PRIDGEN v. CHARLES R. TYSON AND WIFE, MRS. CHARLES R. TYSON, GEORGE TYSON (UNMARRIED), CLIFTON TYSON AND WIFE, AVA TYSON, OSCAR TYSON AND WIFE, NETTIE MAE TYSON, LEVY TYSON AND WIFE, BETTY TYSON, BEULAH TYSON JONES AND HUSBAND, GEORGE JONES, MABEL TYSON DAVENPORT AND HUSBAND, ERNEST DAVENPORT, JAKE TYSON AND WIFE, ELLEN TYSON, TOM TYSON AND WIFE, DAISY TYSON, JACK TYSON AND WIFE, MYRTIE TYSON, LEE TYSON AND WIFE, ELBER TYSON, EULA TYSON MASSENGILL AND HUSBAND, TOM MASSENGILL, AND PATSY TYSON WINBORNE AND HUSBAND, STEPHEN WINBORNE.

(Filed 26 September, 1951.)

1. **Wills § 33c—**

As a general rule remainders vest at the death of testator unless some later time for the vesting is clearly expressed in the will, or is necessarily implied therefrom, and adverbs of time and adverbial clauses designating time do not create a contingency but rather indicate a time when the enjoyment of the estate shall begin.

2. **Same—**

A devise to testator's grandson for life and after his death to testator's "male children or their bodily heirs," is held to create a life estate in the grandson with remainder vesting at the time of testator's death in testator's sons, and therefore a deed from all of testator's sons to the life tenant vests a good and indefeasible fee simple estate in him. Furthermore, the deeds of testator's sons and the heirs of a deceased son would estop them and all who may claim through or from them.

VALENTINE, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Harris, J.,* February Term, 1951, of WILSON.

This is an action to remove a cloud upon the title to the tract of land which the plaintiff alleges he owns in fee simple, but in which the defendants, or some of them, claim an interest.

The rights of the parties depend upon the interpretation placed upon the provisions contained in Item 4 of the last will and testament of Thomas M. Tyson, dated 2 September, 1896, which reads as follows:

"Item Fourth   I give and devise to my daughter. Patsey A. Pridgeon bodiley heirs one dollar each.   I also lend her bodiley heirs one hundred

acres of real estate during theire lifetime after my earthly existance after their deceas my male children or their bodiley heirs shall inherit the same real estate laying in wilson county north carolina known as the Johnathan Parker tract his distributed shair of his farthers estate adjoining. John Hales and others. (sic)"

At the time of the death of the testator, Patsy A. Pridgen, his daughter, was living, as was also her son, Thomas W. Pridgen, the plaintiff in this action. The testator also left surviving him, another daughter, Rachel L. Abernathy, and four sons.

The plaintiff, Thomas W. Pridgen, is the only bodily heir, or child, of Patsy A. Pridgen, now deceased, and as such came into possession of the aforesaid 100 acres of land, and has remained in possession thereof until the present time.

On 17 September, 1917, Joshua L. Tyson and wife, Charles R. Tyson and wife, Lemuel C. Tyson and wife, they being three of the four male children of the late Thomas M. Tyson, executed and delivered to the plaintiff, Thomas W. Pridgen, their deed conveying to him all their right, title, and interest in and to the aforesaid lands in fee simple. And on 14 September, 1949, all the children of the late John T. Tyson, the fourth male child of the late Thomas M. Tyson, together with their respective spouses, conveyed to the plaintiff all their right, title, and interest, in fee simple, in and to said lands, it being a one-fourth undivided interest in the remainder.

The court below held that plaintiff is the owner in fee simple of the tract of land devised by the late Thomas M. Tyson, in Item 4 of his will, and entered judgment accordingly. Defendants appeal and assign error.

*Lucas & Rand and Z. Hardy Rose for plaintiff, appellee.*
*O. B. Moss and Claude C. Abernathy for defendants, appellants.*

DENNY, J. It is conceded that the plaintiff, Thomas W. Pridgen, took only a life estate in the devised premises, under the will of Thomas M. Tyson, and that all persons claiming any interest in the estate are parties to the action. The defendants contend, however, that the male children of the testator took only a contingent interest conditioned upon their surviving Thomas W. Pridgen, the plaintiff, and that in order to ascertain the ultimate takers under the will, the roll must be called at the death of Thomas W. Pridgen, citing *Trust Co. v. Waddell,* 234 N.C. 34, 65 S.E. 2d 317; *Carter v. Kempton,* 233 N.C. 1, 62 S.E. 2d 713; *House v. House,* 231 N.C. 218, 56 S.E. 2d 695; *Mercer v. Downs,* 191 N.C. 203, 131 S.E. 575, and similar cases.

We do not so construe the devise to the male children of the testator and their bodily heirs. The remainder to them was not made contingent

upon their surviving the life tenant as was the case in *Trust Co. v. Waddell, supra,* and *Mercer v. Downs, supra.* Nor was it made contingent upon survival at the termination of a fixed period of time as in the case of *Carter v. Kempton, supra,* or upon the life tenant dying without issue as was the case in *House v. House, supra.*

On the contrary, the male children of Thomas M. Tyson, or their bodily heirs, prior to the execution of their respective deeds to plaintiff, were entitled to the immediate possession of the devised premises subject only to the termination of the preceding life estate. Therefore, we hold that upon the death of Thomas M. Tyson, his male children took vested remainders in the devised premises.

In the case of *Priddy & Co. v. Sanderford,* 221 N.C. 422, 20 S.E. 2d 341, *Barnhill, J.,* in speaking for the Court said: "The remainder is vested, when throughout its continuance, the remainderman and his heirs have the right to the immediate possession whenever and however the preceding estate is determined; or, in other words, a remainder is vested if, so long as it lasts, the only obstacle to the right of immediate possession by the remainderman is the existence of the preceding estate; or, again, a remainder is vested if it is subject to no condition precedent save the determination of the preceding estate."

It is the general rule that remainders vest at the death of the testator, unless some later time for the vesting is clearly expressed in the will, or is necessarily implied therefrom, *Priddy & Co. v. Sanderford, supra. Weill v. Weill,* 212 N.C. 764, 194 S.E. 462; *Witty v. Witty,* 184 N.C. 375, 114 S.E. 482; *Baugham v. Trust Co.,* 181 N.C. 406, 107 S.E. 431. And it is a prevailing rule of construction with us that adverbs of time, and adverbial clauses designating time, do not create a contingency but merely indicate the time when enjoyment of the estate shall begin. *Priddy & Co. v. Sanderford, supra; Carolina Power Co. v. Haywood,* 186 N.C. 313, 119 S.E. 500.

Since, in our opinion, the male children of the testator took vested remainders in the devised premises upon the death of the testator, it follows that the deed executed and delivered to plaintiff by three of the male children of the testator, and the deed executed to plaintiff by all the children of the other male child of the testator, as set out herein, are sufficient to give the plaintiff, Thomas W. Pridgen, the owner and holder of the life estate, a good, indefeasible, fee simple estate in the devised premises. Moreover, the defendants who conveyed all their right, title, and interest in and to the devised premises, to the plaintiff, and all who may claim through or from them, are bound by these conveyances. *Buffaloe v. Blalock,* 232 N.C. 105, 59 S.E. 2d 625, and cited cases.

The judgment of the court below is
Affirmed.

VALENTINE, J., took no part in the consideration or decision of this case.