ROLAND CANNON AND HELEN CANNON v. PAUL T. BAKER.

(Filed 2 March, 1960.)

**1. Deeds § 11—**

In construing a deed, the intent of grantor as ascertained from the language used, giving force and effect to all parts if possible by any reasonable construction, will prevail unless in conflict with some settled rule of law or public policy.

**2. Deeds § 15—**

A conveyance to grantors' son during his natural life and at his death to the son's "living issue or children," with further provision that if the son had no living issue or children at his death the land should go to the heirs at law of grantors, *is held* to create a defeasible fee in the children of the life tenant, since the word "issue" construed in context, means "lineal descendants" and is a word of purchase, so that upon the death of one or more of the children of the life tenant leaving issue surviving, such issue would take as purchases under the deed and not by descent.

APPEAL by defendant from *Bundy, J.*, 14 December Mixed Term, 1959, of PITT.

This action was instituted by the plaintiffs against the defendant for specific performance of a contract for the purchase and sale of the 31.7 acres of land described by metes and bounds in the complaint,

for the sum of $15,000. The defendant refused to accept tender of deed, claiming the plaintiffs could not convey a fee simple title thereto.

In 1922, Erastus Cannon and wife, Betty Cannon, reserving a life estate, conveyed the land in question to Roland Cannon (referred to in said deed as *Rowland* Cannon) during the term of his natural life, the life tenancy of Roland Cannon not to take effect until the death of the grantors. The deed contained the following pertinent provisions:

"If the grantee, Rowland Cannon, should die before the grantors, Erastus Cannon and wife, Betty Cannon, then the above tract or parcel of land shall go to the living children of the said Rowland Cannon in fee simple, share and share alike. If however the said grantee, Rowland Cannon, should outlive the grantors herein, and the life tenancy herein granted and conveyed should become effective, then upon the death of the said Rowland Cannon, said tract or parcel of land shall go to the living issue or children of the said Rowland Cannon, in fee simple, share and share alike, but if the said Rowland Cannon shall have no children at the time of his death, then tract or parcel of land shall go to the heirs at law of the said Erastus Cannon and wife, Betty Cannon, in fee simple.

"The intent and meaning of this deed being, that the said Rowland Cannon shall have and hold said lands and premises during the term of his natural life, at his death same shall go to his living issue or children in fee simple, and if at his death he have no living issue or children, then said tract or parcel of land shall go to the heirs at law of the grantors hereof, in fee simple, share and share alike * * *."

Roland Cannon survived Erastus Cannon and wife, Betty Cannon. In 1935, the then living lineal heirs at law of Erastus Cannon and wife conveyed their interest in the land to Helen Cannon. In 1949, the children of Roland Cannon conveyed their interest to Roland Cannon and wife, Helen Cannon. In both deeds spouses joined in the execution thereof. The plaintiffs are husband and wife. Roland Cannon is 64 years of age, and Helen Cannon is 61 years of age.

A jury trial was waived and his Honor held upon the foregoing facts that the plaintiffs could give a good indefeasible fee simple title to the land involved and entered judgment in favor of the plaintiffs in the sum of $15,000, said sum to be paid upon delivery of a deed in fee simple to the defendant for the land described in the complaint.

The defendant appeals, assigning error.

*James & Speight, W. H. Watson for plaintiffs.*
*J. Harvey Turner for defendant.*

DENNY, J. Since Roland Cannon outlived Erastus Cannon and wife, Betty Cannon, it is only necessary to consider and construe those provisions of the deed from Erastus Cannon and wife to Roland Cannon with respect to the disposition of the property at the death of the life tenant, Roland Cannon.

The accepted rule in the interpretation of a deed is well stated in *Griffin v. Springer*, 244 N.C. 95, 92 S.E. 2d 682, by *Parker, J.*, where he said: "From the earliest periods, and continuously to the present time, we have adhered to the rule that in construing a deed the discovery of the intention of the grantor must be gathered from the language he has chosen to employ, and all parts of the deed should be given force and effect, if this can be done by any reasonable interpretation, unless the intention is in conflict with some unyielding canon of construction, or settled rule of property, or fixed rule of law, or is repugnant to the terms of the grant," citing numerous authorities.

Therefore, we must construe the deed under consideration in light of all its provisions in order to ascertan the intent of the grantors.

The deed provides, " * * * upon the death of the said Roland Cannon, said tract or parcel of land shall go to the living issue or children of the said Roland Cannon, in fee simple, share and share alike, but if the said Roland Cannon shall have no children at the time of his death, then tract or parcel of land shall go to the heirs at law of the said Erastus Cannon and wife, Betty Cannon, in fee simple."

If no other provision or explanation had been added in this deed, we would be inclined to hold that the words "living issue," as used, were synonymous with "children." But, in view of the explanation made by the grantors, we are inclined to the view that the grantors used the words "living issue" as words of purchase, meaning lineal descendants. *Edmondson v. Leigh*, 189 N.C. 196, 126 S.E. 497; *Turpin v. Jarrett*, 226 N.C. 135, 37 S.E. 2d 124; *Matthews v. Matthews*, 214 N.C. 204, 198 S.E. 663; *Dolbeare v. Dolbeare*, 124 Conn. 286, 199 A. 555, 117 A.L.R. 687; Anno: — "Issue" Used as a Word of Purchase, 117 A.L.R. 692.

The grantors included this explanation in the deed: "The intent and meaning of this deed being, that the said Roland Cannon shall have and hold said lands and premises during the term of his natural life, at his death same shall go to his living issue or children in fee simple, and if at his death he have no living issue or children, then said tract or parcel of land shall go to the heirs at law of the grantors hereof, in fee simple, share and share alike * * *."

Since, in our opinion, the words "living issue" include children, grandchildren, and all other lineal descendants of Roland Cannon,

and that the word "issue" is used as a word of purchase, the living issue of Roland Cannon cannot be ascertained until his death.

At the time of the death of Roland Cannon, which of his children will be living? One or more or all of his children may predecease him. If so, they may leave children or grandchildren who would be the living issue of Roland Cannon. As such, they would take the land in controversy, in fee simple, share and share alike, not from Roland Cannon through inheritance but directly from Erastus Cannon and wife, Betty Cannon, as purchasers. *Blanchard v. Ward,* 244 N.C. 142, 92 S.E. 2d 776; *Neill v. Bach,* 231 N.C. 391, 57 S.E. 2d 385; *Turpin v. Jarrett, supra; Pratt v. Mills,* 186 N.C. 396, 119 S.E. 766; *Witty v. Witty,* 184 N.C. 375, 114 S.E. 482; *Thompson v. Humphrey,* 179 N. C. 44, 101 S.E. 738.

In the last cited case the property was devised to the widow for life or until her remarriage, and upon her death or remarriage the property was to go to the children of the devisor, naming them. Provision was then made for the management of the estate until the children became 21 years of age in the event of the death or remarriage of the widow before his children attained such age. The will further provided, "* * * or if any of my said children have married and died, leaving surviving a child or children, it or they to have that portion which would have fallen to its mother or father (as the case may be) had he or she been living." On appeal, this Court held that before the death or remarriage of the widow, the life tenant, a valid conveyance of the fee simple title to the property could not be made, and in the event of the remarriage of the widow, not until the children became 21 years of age. The Court said: "The construction of the will makes the estate of the children a defeasible fee, for they may never take, as the mother may survive all of them, in which event their children would take in their places, and then, not by descent from them, as in *Whitfield v. Garris,* 134 N.C. 24, but directly from the devisor, under his will, as purchasers."

Therefore, we hold that Roland Cannon and his wife cannot convey a good and indefeasible fee simple title to the premises involved herein, since it cannot be ascertained or determined what child, children, or *living issue* Roland Cannon will leave surviving him, who may take under the provisions of the deed, until his death.

The judgment of the court below is

Reversed.